THE HONORABLE JUSTIN L. QUACKENBUSH

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMBASSADORS GROUP INC., et al.,<br><br>Defendants. | No. CV-09-00214-JLQ<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM IN SUPPORT OF THE MOTION OF IBEW LOCAL 351 WELFARE, PENSION AND ANNUITY FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL |

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of the common stock of Ambassadors Group Inc. ("Ambassadors Group" or the "Company") between February 8, 2007 and October 23, 2007, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional investor IBEW Local 351 Welfare, Pension and Annuity Funds ("IBEW Local 351") hereby moves this Court for an Order to: (i) appoint IBEW Local 351 as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve IBEW Local 351's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and the law firm of Lovell Mitchell & Barth, LLP ("Lovell Mitchell") to serve as Liaison Counsel.

This motion is made on the grounds that IBEW Local 351 is the most adequate plaintiff, as defined by the PSLRA. IBEW Local 351 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, IBEW Local 351 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

MEMORANDUM IN SUPPORT OF THE MOTION
OF IBEW LOCAL 351 WELFARE, PENSION AND
ANNUITY FUNDS (CV-09-00214-JLQ)

- 1 -

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331

During the Class Period, IBEW Local 351 incurred a substantial $375,456.78 loss on its transactions in Ambassadors Group common stock. *See* Barth Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, IBEW Local 351, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND

Ambassadors Group is an educational company that organizes and promotes international and domestic travel programs for youth, athletes, and professionals.

The complaint charges Ambassadors Group and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's business prospects. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (a) that the Company was experiencing a lower conversion rate from people attending its informational meetings to booking travel; (b) that there was a decrease in the number of enrolled participants for the Company's 2008 travel programs, especially in its international outbound programs; (c) that the Company had utilized a different database in order to promote its travel programs to prospective

---

[1] References to the "Barth Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Karl Barth, dated September 14, 2009 and submitted herewith.

MEMORANDUM IN SUPPORT OF THE MOTION
OF IBEW LOCAL 351 WELFARE, PENSION AND     - 2 -
ANNUITY FUNDS (CV-09-00214-JLQ)

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331

clients; and (d) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On October 22, 2007, Ambassadors Group announced its financial results for the third quarter of 2007, the period ending September 30, 2007. For the quarter, the Company reported net income of $22.5 million and $1.12 fully diluted earnings per share. The Company also announced that, "as of October 16, 2007, its net enrolled participants for 2008 travel programs were 26,200 compared to 37,300 participants as of the same date last year for its 2007 programs" and that the "decrease in net enrollments for its 2008 programs will negatively impact its 2008 earnings." In response to this announcement, the price of Ambassadors Group common stock fell $17.73 per share, or approximately 44%, to close at $21.04 per share.

## III.  ARGUMENT

### A.  IBEW Local 351 Should Be Appointed Lead Plaintiff

#### 1.  The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business oriented newswire service, on July 14, 2009. *See* Barth Decl., Ex. A. Within 60 days after publication of the

MEMORANDUM IN SUPPORT OF THE MOTION
OF IBEW LOCAL 351 WELFARE, PENSION AND   - 3 -
ANNUITY FUNDS (CV-09-00214-JLQ)

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331

notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. IBEW Local 351 Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. IBEW Local 351 Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on September 14, 2009. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on July 14, 2009, IBEW Local 351 timely

moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

IBEW Local 351 has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Barth Decl., Ex. C. In addition, IBEW Local 351 has selected and retained competent counsel to represent itself and the class. *See* Barth Decl., Exs. D & E. Accordingly, IBEW Local 351 has satisfied the individual requirements of 15 U.S.C. §78u4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

### b. IBEW Local 351 Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. IBEW Local 351, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c. IBEW Local 351 Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Barth Decl., Ex. C, IBEW Local 351 incurred a substantial $375,456.78 loss on its transactions in Ambassadors Group common stock. *See* Barth Decl., Ex. B. IBEW Local 351 thus has a significant financial interest in this case. Therefore, IBEW Local 351 satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. IBEW Local 351 Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). IBEW Local 351

MEMORANDUM IN SUPPORT OF THE MOTION
OF IBEW LOCAL 351 WELFARE, PENSION AND   - 6 -
ANNUITY FUNDS (CV-09-00214-JLQ)

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331

satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

IBEW Local 351 satisfies this requirement because, just like all other class members, it: (1) purchased Ambassadors Group common stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, IBEW Local 351's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of IBEW Local 351 to represent the class to the existence of any conflicts between the interest of IBEW Local 351 and the

MEMORANDUM IN SUPPORT OF THE MOTION
OF IBEW LOCAL 351 WELFARE, PENSION AND   - 7 -
ANNUITY FUNDS (CV-09-00214-JLQ)

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331

members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, IBEW Local 351 is an adequate representative of the class. As evidenced by the injuries suffered by IBEW Local 351 and the class, the interests of IBEW Local 351 are clearly aligned with the members of the class, and there is no evidence of any antagonism between IBEW Local 351's interests and those of the other members of the class. Further, IBEW Local 351 has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, IBEW Local 351's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, IBEW Local 351 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**B.  The Court Should Approve IBEW Local 351's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, IBEW Local 351 has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date

which represent the largest recovery ever obtained in a shareholder class action. *See* Barth Decl., Ex. D. Specifically, the court in Enron stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve IBEW Local 351's selection of Lead and Liaison Counsel.

## IV.  CONCLUSION

For all the foregoing reasons, IBEW Local 351 respectfully requests that the Court: (i) appoint IBEW Local 351 as Lead Plaintiff in the Action; (ii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: September 14, 2009        **LOVELL MITCHELL & BARTH, LLP**

                                s/ Karl P. Barth
                                _____

                                Karl P. Barth, WSBA #22780
                                911 Western Ave., Suite 308
                                Seattle, WA 98104
                                Telephone: 206/432-8330
                                206/432-8331 (fax)

                                [Proposed] Liaison Counsel

MEMORANDUM IN SUPPORT OF THE MOTION
OF IBEW LOCAL 351 WELFARE, PENSION AND     - 9 -
ANNUITY FUNDS (CV-09-00214-JLQ)

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331

| | |
|---|---|
| 1 | COUGHLIN STOIA GELLER |
| 2 |   RUDMAN & ROBBINS LLP |
|   | JOHN K. GRANT |
| 3 | 100 Pine Street, Suite 2600 |
|   | San Francisco, CA  94111 |
| 4 | Telephone:  415/288-4545 |
|   | 415/288-4534 (fax) |

1   COUGHLIN STOIA GELLER
2     RUDMAN & ROBBINS LLP
3   JOHN K. GRANT
4   100 Pine Street, Suite 2600
5   San Francisco, CA  94111
6   Telephone:  415/288-4545
7   415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff

ORANSKY SCARAGGI BORG
  & ABBAMONTE, P.C.
MICHAEL T. SCARAGGI
175 Fairfield Avenue, Suite 1A
West Caldwell, NJ  07006
Telephone:  973/364-1200

Additional Counsel for Plaintiff

MEMORANDUM IN SUPPORT OF THE MOTION
OF IBEW LOCAL 351 WELFARE, PENSION AND - 10 -
ANNUITY FUNDS (CV-09-00214-JLQ)

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331