Stellman Keehnel, WSBA No. 9309
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Telephone: 206.839.4800
Fax: 206.839.4801
Email: stellman.keehnel@dlapiper.com

Attorneys for Defendant
  Chadwick J. Byrd

The Honorable Justin L. Quackenbush

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMBASSADORS GROUP INC., JEFFREY D. THOMAS, CHADWICK J. BYRD and MARGARET M. THOMAS,<br><br>Defendants. | CASE No. CV-09-214-JLQ<br><br>**DEFENDANT CHADWICK J. BYRD'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Date:** May 20, 2010<br>**Time:** 1:30 p.m. |

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION………………………………………………………....1

II. FACTUAL BACKGROUND…………..…………………………….…...3

III. ARGUMENT……………………..…………………………………….....3

    A. Plaintiff Cannot Assert Claims Against Mr. Byrd Based On Statements Made By Other Individuals. ………………….…….…...3

    B. Plaintiff Fails To Allege A False Or Misleading Statement By Mr. Byrd. ……………………………………………………………….......5

        1. February 8, 2007 Statement………………………....…........7

        2. April 24, 2007 Statements……………….......…...............8

        3. July 24, 2007 Statements……………………....................9

    C. Plaintiff Has Not Sufficiently Pleaded That Mr. Byrd Acted With Scienter. ……………………………………………………..10

    D. Plaintiff's "Control Person" Claim Against Mr. Byrd Must Be Dismissed. ………………………………………….……...13

    E. Dismissal Should Be With Prejudice. …………………………......14

IV. CONCLUSION……………………………………………………...14

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - i

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brodsky v. Yahoo! Inc.*,
  630 F. Supp. 2d 1104 (N.D. Cal. 2009) .................................................................. 7, 14

*Brody v. Transitional Hospitals Corp.*,
  280 F.3d 997 (9th Cir. 2002) ......................................................................................... 6

*Dura Pharm. Inc. v. Broudo*,
  544 U.S. 336 (2005) ...................................................................................................... 3

*Gallagher v. Abbott Labs.*,
  269 F.3d 806 (7th Cir. 2001) ........................................................................................ 6

*In re Convergent Techs. Sec. Litig.*,
  948 F.2d 507 (9th Cir. 1991) ........................................................................................ 6

*In re Dot Hill Sys. Corp. Sec. Litig.*,
  No. 06-CV-228 JLS (WMc), 2009 WL 734296 (S.D. Cal. Mar. 18,
  2009) ........................................................................................................................ 3, 8

*In re Downey Sec. Litig.*,
  No. CV 08-3261-JFW (RZx), 2009 WL 2767670 (C.D. Cal. Aug. 21,
  2009) ........................................................................................................................... 13

*In re Ford Motor Co. Sec. Litig.*,
  184 F. Supp. 2d 626 (E.D. Mich. 2001) ....................................................................... 8

*In re FoxHollow Techs., Inc., Sec. Litig.*,
  No. C 06-4595 PJH, 2008 WL 2220600 (N.D. Cal. May 27, 2008) ........................... 5

*In re FVC.COM Sec. Litig.*,
  136 F. Supp. 2d 1031 (N.D. Cal. 2000), *aff'd*, 2002 WL 465161
  (9th Cir. 2002) ............................................................................................................. 13

*In re Impac Mortgage Holdings, Inc. Sec. Litig.*,
  554 F. Supp. 2d 1083 (C.D. Cal. 2008) ........................................................................ 4

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - ii

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

*In re Metawave Commc'ns Corp. Sec. Litig.*,
   298 F. Supp. 2d 1056 (W.D. Wash. 2003) ....................................................... 12

*In re Silicon Graphics Inc. Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) ............................................................................ 11, 13

*In re Verisign, Inc. Deriv. Litig.*,
   531 F. Supp. 2d 1173 (N.D. Cal. 2007) .......................................................... 14

*McGuire v. Dendreon Corp.*,
   No. C07-800MJP, 2008 WL 1791381 (W.D. Wash. Apr. 18, 2008) ............. 6, 8

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ............................................................... 7, 12, 13

*Pegasus Holdings v. Veterinary Centers of Am., Inc.*,
   38 F. Supp. 2d 1158 (C.D. Cal. 1998) ............................................................... 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ......................................................................................... 10, 11

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ............................................................................ 12, 14

**STATUTES**

15 U.S.C. § 78u-4(b)(1) ............................................................................................. 3

15 U.S.C. § 78u-4(b)(2) ........................................................................................ 3, 11

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - iii

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Chadwick Byrd respectfully submits this memorandum of law in support of his Motion to Dismiss all of the claims asserted against him in Plaintiff's First Amended Complaint for Violations of Federal Securities Laws (the "First Amended Complaint," or "FAC") [Dkt. No. 45]. Mr. Byrd also adopts the arguments made in the separate motion to dismiss filed by Ambassadors Group Inc. ("Ambassadors"), Jeffrey D. Thomas, and Margaret M. Thomas (the "Ambassadors Dismissal Motion").

# I. INTRODUCTION

On October 23, 2007, Ambassadors' stock price fell after Ambassadors announced that enrollments for its 2008 travel programs would be down in comparison to 2007, and that Ambassadors' 2008 revenues would decline as a result. Plaintiff claims that as early as February 2007, Ambassadors and its high-ranking officers supposedly knew facts — namely, that Ambassadors had allegedly lost access to one of its sources of names for middle school-aged students and had to find a replacement for that source — that would have presaged the ultimate decline in 2008 enrollments, and that certain public statements made by Ambassadors' officers during 2007 were false and misleading because they did not disclose those alleged facts. Based on those allegations, Plaintiff asserts claims against Ambassadors, the Thomases, and Mr. Byrd under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j, 78t, and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.

As explained in detail in the Ambassadors Dismissal Motion, the claims in Plaintiff's First Amended Complaint suffer from numerous incurable defects, and Plaintiff's First Amended Complaint should accordingly be dismissed against all

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

of the Defendants without leave to file another amended complaint.  To avoid unnecessarily burdening the Court, Mr. Byrd adopts the arguments in the Ambassadors Dismissal Motion and will not repeat many of those arguments here.  Mr. Byrd files this separate dismissal motion to address specifically Plaintiff's very limited allegations directed at Mr. Byrd and to explain why those allegations fail to state a claim as a matter of law.

<u>First</u>, Plaintiff's Section 10(b) claim against Mr. Byrd fails for the simple reason that no statement made by Mr. Byrd and identified in Plaintiff's First Amended Complaint was in any way false or misleading, as a matter of law. Plaintiff identifies a handful statements Mr. Byrd made concerning Ambassadors' financial results and projections for 2006 and 2007, but Plaintiff does not allege that any statement made by Mr. Byrd was actually false, and none of the allegedly undisclosed facts about the loss of a name source and Ambassadors' 2008 enrollments renders any statement made by Mr. Byrd false or misleading.

<u>Second</u>, even if Plaintiff had alleged that Mr. Byrd made a false or misleading statement, Plaintiff's Section 10(b) claim against Mr. Byrd fails because Plaintiff has not pleaded any facts that would give rise to the required "strong inference" that Mr. Byrd knew or was deliberately reckless about the falsity of any such statement at the time it was made.  For example, Plaintiff does not plead that Mr. Byrd sold any stock, the touchstone for scienter.  Nor can Plaintiff make such an allegation regarding Mr. Byrd, for it is undisputed that Mr. Byrd sold none of his Ambassadors stock during the class period.

<u>Third</u>, because, as explained in the Ambassadors Dismissal Motion, Plaintiff cannot state a Section 10(b) claim against Ambassadors, Plaintiff's Section 20(a) "control person" claim against Mr. Byrd also fails as a matter of law.

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Fourth, the defects in Plaintiff's First Amended Complaint cannot be cured by amendment, so dismissal should be without leave to file yet another amended complaint.

## II. FACTUAL BACKGROUND

The background facts relevant to this Motion are set forth in detail in the Ambassadors Dismissal Motion.

## III. ARGUMENT

### A. Plaintiff Cannot Assert Claims Against Mr. Byrd Based On Statements Made By Other Individuals.

As a preliminary matter, in determining whether Plaintiff's First Amended Complaint states a claim for relief against Mr. Byrd, the Court must limit its consideration to those few alleged statements identified in the First Amended Complaint that were *actually made by* Mr. Byrd.

To state a Section 10(b) claim, a plaintiff must sufficiently allege that the defendant made (1) a misrepresentation of material fact (or omitted a material fact necessary to make a statement made not misleading), (2) with scienter, (3) upon which the plaintiff justifiably relied, and which (4) proximately caused (5) the plaintiff's economic loss. *See Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 341 (2005). In addition, under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, to survive a motion to dismiss, a plaintiff alleging securities fraud must plead, with particularity, the false or misleading statements made by *each defendant*, the reasons each statement is false or misleading, and facts sufficient to establish a "strong inference" of scienter with respect to each allegedly false or misleading statement. *See, e.g.*, 15 U.S.C. § 78u-4(b)(1)-(2); *In re Dot Hill Sys. Corp. Sec. Litig.*, No. 06-CV-228 JLS (WMc), 2009 WL 734296, *12 (S.D. Cal. Mar. 18, 2009) (dismissing claims against two defendants where plaintiffs did not identify any allegedly false

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

statements made by those defendants); *In re Impac Mortgage Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1092-93 (C.D. Cal. 2008) (dismissing claims against six defendants to whom plaintiffs failed to attribute any allegedly false statement).[1]

Plaintiff's First Amended Complaint identifies a number of allegedly false and misleading statements made in press releases and analyst calls in February, April, and July 2007. *See* FAC ¶¶ 62-64, 66, 68-69. Only a few of those allegedly false and misleading statements are alleged to have been made by Mr. Byrd. *See id.* ¶¶ 63, 66, 69 (identifying allegedly false statements made by Mr. Byrd during analyst calls on February 9, April 24, and July 24, 2007). Thus, Plaintiff's Section 10(b) claim against Mr. Byrd must be dismissed unless Plaintiff has sufficiently alleged that one or more of the statements ***made by***

---

[1] The resolution of this dismissal motion does not require the Court to consider whether the so-called "group pleading" doctrine (under which certain "group-published" information can be considered the collective work of a company's officers and directors) survived the passage of the PSLRA. (Incidentally, many district courts in the Ninth Circuit have held that the group pleading doctrine is not viable under the PSLRA. *See Impac*, 554 F. Supp. 2d at 1092 & n.7 ("[T]he majority of district courts within the Ninth Circuit[] have concluded that group pleading is no longer viable under the PSLRA."; collecting cases)). Even if group pleading were permissible, that doctrine has no application to this lawsuit, since all of the allegedly false or misleading statements identified in Plaintiff's First Amended Complaint are expressly attributed to a particular individual. *See Pegasus Holdings v. Veterinary Centers of Am., Inc.*, 38 F. Supp. 2d 1158, 1165 (C.D. Cal. 1998) ("[W]ritten or oral statements made by an identified defendant cannot be classified as 'group published' information.").

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

Mr. Byrd was false or misleading at the time it was made, and that Mr. Byrd knew or was deliberately reckless about the statement's falsity at the time it was made.

### B. Plaintiff Fails To Allege A False Or Misleading Statement By Mr. Byrd.

Plaintiff's Section 10(b) claim against Mr. Byrd fails because Plaintiff has not alleged (and cannot allege) the most basic of Section 10(b)'s required elements — that Mr. Byrd made a false or misleading statement. As noted above, Plaintiff's First Amended Complaint identifies several statements made by Mr. Byrd relating to Ambassadors' financial results for 2006, and results and projections for 2007, during analyst calls in February, April, and July 2007. Notably, Plaintiff does not allege that any of the statements attributed to Mr. Byrd was actually false. Rather, Plaintiff claims that Mr. Byrd's statements about Ambassadors' ***2006 and 2007*** financial performance were misleading because Defendants did not disclose facts supposedly in their possession concerning the alleged loss of the names list and its impact on the Company's outlook for ***2008***. As explained below, taking Plaintiff's allegations as true, none of the allegedly undisclosed facts identified by Plaintiff renders any of Mr. Byrd's statements false or misleading ***as a matter of law***. In arguing that Mr. Byrd — despite his **not** making statements about the outlook for 2008 — somehow had an obligation to talk about that future period, Plaintiff runs smack-dab into directly contrary law of this Circuit.

It is well established that the federal securities laws do not require companies or their executives to immediately disclose to investors all potentially relevant information about the company. *See In re FoxHollow Techs., Inc., Sec. Litig.*, No. C 06-4595 PJH, 2008 WL 2220600, *23 (N.D. Cal. May 27, 2008)

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 5

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

("[A] publicly-traded company is not obligated to disclose every detail of its internal financial plans or business strategy."); *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 516 (9th Cir. 1991) ("The securities laws do not require management 'to bury the shareholders in an avalanche of trivial information — a result that is hardly conducive to informed decision-making.'") (quoting *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 448-49 (1976)); *Gallagher v. Abbott Labs.*, 269 F.3d 806, 808 (7th Cir. 2001) (Easterbrook, J.) ("Much of plaintiffs' argument reads as if firms have an absolute duty to disclose all information material to stock prices as soon as news comes into their possession. Yet that is not the way the securities laws work…. Instead firms are entitled to keep silent (about good news as well as bad news) unless positive law creates a duty to disclose.").

In *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997 (9th Cir. 2002), the Ninth Circuit expressly rejected the argument that the securities laws impose upon companies any freestanding duty of complete disclosure, and held that an alleged omission of fact in connection with a public statement is actionable ***only*** if the omission renders the statements actually made false or misleading: "To be actionable under the securities laws, an omission must be misleading; in other words it must affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *Id.* at 1006; *see also McGuire v. Dendreon Corp.*, No. C07-800MJP, 2008 WL 1791381, *5 (W.D. Wash. Apr. 18, 2008) ("The burden is on Plaintiffs to plead specific reasons why the statements from Defendants 'were misleading or untrue, not simply why the statements were incomplete.'") (quoting *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 n.4 (9th Cir. 2002)). In addition, mere conclusory allegations that a defendant's public statements allegedly failed to reveal undisclosed problems at a

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

company are legally insufficient to plead falsity. *See Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1114 (N.D. Cal. 2009) ("Alleging a litany of problems is not enough to refute specifically statements that project optimism and Yahoo!'s growth."); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008) ("[T]he PSLRA's falsity requirement is not satisfied by conclusory allegations that a company's class period statements regarding its financial well-being are *per se* false based on the plaintiff's allegations of fraud generally.").

### 1. February 8, 2007 Statement

Plaintiff alleges that, during Ambassadors' February 8, 2007 analyst call, Mr. Byrd made the following projection about Ambassadors' 2007 financial results:

> For 2007, we are confident that the 27% increase in enrollments will lead to stronger growth on both the top and bottom line than experienced in 2006. Earnings per share and returns on equity will further benefit from the repurchase of approximately 1.3 million shares of stock early in 2007.

FAC ¶ 63. Plaintiff ***does not*** allege that any fact or projection included in Mr. Byrd's February 8, 2007 statement was false; Plaintiff instead claims that the statement is actionable because it "failed to disclose that the Company had lost access to its key source of mailing lists for the Middle School Age Group" and "it was materially false and misleading to highlight positive developments in Ambassadors Group's business when at that very time the Company was struggling to deal with the loss of the mailing lists." *Id.* ¶ 65.

Plaintiff's allegations fail entirely to establish that Mr. Byrd's February 8, 2007 statement was false or misleading, as there is simply no nexus between Mr. Byrd's unchallenged statements about Ambassadors' projected performance

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 7

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

*in 2007* and the allegedly undisclosed information. Nowhere does Plaintiff allege that the loss of the mailing list would have any effect on Ambassadors' financial performance *for 2007* — the subject of Mr. Byrd's statements. *See, e.g., McGuire*, 2008 WL 1791381 at *6 (company's positive statements concerning FDA approval process not rendered false or misleading by allegations that defendants failed to disclose "high probability" of delayed approval where challenged statements "did not assert or imply" that product would be approved by particular date); *Dot Hill*, 2009 WL 734296 at *10 ("Allegations that are not necessarily inconsistent with the allegedly false statement do not establish falsity.") (internal quotation omitted); *In re Ford Motor Co. Sec. Litig.*, 184 F. Supp. 2d 626, 632-34 (E.D. Mich. 2001) (accurate statements of historical sales data not rendered false or misleading by alleged undisclosed facts about product danger or future costs of lawsuits and recalls). And Plaintiff's conclusory allegation that it was misleading to make any positive (and otherwise accurate) statement about Ambassadors without disclosing the loss of the mailing list also fails to meet Plaintiff's burden of showing that Mr. Byrd's February 8, 2007 statement was false or misleading. *See McGuire*, 2008 WL 1791381 at *8 (rejecting allegation that company's statements "were misleading, as a whole, because they gave 'an impression that the Company was steadily marching towards [FDA] approval, while the reality was that approval … was highly unlikely"; allegation failed to meet plaintiffs' burden to plead alleged falsity of statements with particularity).

### 2. **April 24, 2007 Statements**

Plaintiff also challenges two statements made by Mr. Byrd during an April 24, 2007 analyst call concerning Ambassadors' operating expenses for the first quarter of 2007 — (i) that a $3.5 million increase in operating expenses compared

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 8

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

to the first quarter of 2006 was partly attributable to "completing marketing efforts for 2007 program and initiating marketing efforts for 2008"; and (ii) that a quarter-to-quarter increase in marketing expenses was attributable to selling and marketing programs for both the 2007 and 2008 programs. FAC ¶ 66. Plaintiff claims that those statements were false and misleading because Mr. Byrd allegedly failed to disclose "that expenses were increasing because the Company had lost access to its traditional source of names for the Middle School Age Group and was forced to purchase names of another list company as well as hire an employee to work directly on replacing this source of names." *Id.* ¶ 67.

As with the February 8, 2007 statement, Plaintiff cannot establish that Mr. Byrd's April 24, 2007 statements are false or misleading. Again, there is simply no inconsistency between Mr. Byrd's statements and the allegedly undisclosed facts — indeed, Plaintiff alleges, as Mr. Byrd reported, that marketing expenses had increased for the first quarter of 2007. That Mr. Byrd did not explain every single factor that contributed to the increase in expenses does not render his statements false or misleading.

### 3. July 24, 2007 Statements

Finally, Plaintiff alleges that statements made by Mr. Byrd during a July 24, 2007 analyst call relating to (i) Ambassadors' investment in equipment that would permit it to in-source portions of its mailing campaigns, and (ii) Ambassadors' earnings guidance for 2007, were false or misleading because Ambassadors' marketing campaign for 2008 was allegedly dissimilar to Ambassadors' marketing campaigns for prior years, and because there was a material decrease in Ambassadors' enrollments for 2008. *See* FAC ¶¶ 69-70.

Plaintiff's allegations concerning Mr. Byrd's July 24, 2007 statements fail for precisely the same reasons as Plaintiff's allegations concerning Mr. Byrd's

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 9

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

February and April statements — *i.e.*, Plaintiff has not alleged that the statements were actually false, and any allegedly undisclosed information about the conduct or results of Ambassadors' *2008* marketing campaign does not, as a matter of law, make Mr. Byrd's unchallenged statements about the Company's *2007* performance misleading.

Because none of the few statements attributed to Mr. Byrd in Plaintiff's First Amended Complaint was false or misleading, Plaintiff's Section 10(b) claim against Mr. Byrd must be dismissed.[2]

### C. **Plaintiff Has Not Sufficiently Pleaded That Mr. Byrd Acted With Scienter.**

Even if Plaintiff had sufficiently alleged a false or misleading statement by Mr. Byrd, Plaintiff's Section 10(b) claim against Mr. Byrd would still be subject to dismissal because Plaintiff has not pleaded facts sufficient to create the "strong inference" of scienter required by the PSLRA.

"To establish liability under § 10(b) and Rule 10b-5, a private plaintiff must prove that the defendant acted with scienter, 'a mental state embracing intent to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976)). Unique to cases such as this that are governed by the PSLRA, *at the pleading stage*, in order to satisfy the scienter requirement, Plaintiff must, "with respect to each act or omission …, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15

---

[2] As explained in the Ambassadors Dismissal Motion, Plaintiff's allegations of falsity also fail for the additional reason that Plaintiff has not pleaded the reasons each statement was allegedly false with the particularity required by Rule 9(b) and the PSLRA.

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 10

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

U.S.C. § 78u-4(b)(2). In the Ninth Circuit, "the required state of mind" involves intentional or conscious misconduct: either "actual knowledge" that a statement is false or misleading (*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 977 (9th Cir. 1999)) or "deliberate recklessness" as to the truth or falsity of a statement. *Id.* at 995. "Deliberate recklessness" has been defined as "no less than a degree of recklessness that strongly suggests actual intent" (*id.* at 979); it constitutes conduct so "highly unreasonable" that it involves an "extreme departure from the standards of ordinary care." *Id.* at 976.

Moreover, the Supreme Court has clarified that the PSLRA does "not merely require plaintiffs to 'provide a factual basis for [their] scienter allegations,' *i.e.*, to allege facts from which an inference of scienter rationally could be drawn"; rather, the PSLRA "require[s] plaintiffs to plead with particularity facts that give rise to a 'strong' — *i.e.*, a powerful or cogent — inference." *Tellabs*, 551 U.S. at 323 (emphasis in original, citation omitted). Thus, "[t]o qualify as 'strong' within the intendment of [the PSLRA], … an inference of scienter must be more than merely plausible or reasonable — it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 314.

Plaintiff has not pleaded facts that generate any inference, let alone a "strong" inference, that Mr. Byrd made any allegedly false statement with scienter — *i.e.*, that at the time of any allegedly false statement, Mr. Byrd knew or was deliberately reckless about a decline in 2008 program enrollments — because, among other reasons, Plaintiff's First Amended Complaint contains no allegations that would show what negative information Mr. Byrd allegedly knew, or when he allegedly knew it. For example, nowhere does Plaintiff even specifically allege that Mr. Byrd actually knew about the loss of the names list, let

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 11

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

alone how or when he allegedly learned that information. Rather, the sum total of Plaintiff's scienter allegations relating to Mr. Byrd is a wholly conclusory allegation from a "confidential witness" that Mr. Byrd and the other defendants "attended a meeting every Monday morning to discuss, *inter alia*, the prior week's mailings and Ambassadors Group's projections based on the results" (FAC ¶ 61), and a boilerplate allegation that "Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading." *Id.* ¶ 79. Those vague, general allegations, considered independently or together, are patently insufficient to create a strong inference of scienter. *See, e.g.*, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 998 (9th Cir. 2009) (finding "generalized claims about corporate knowledge" insufficient to allege strong inference of scienter where allegations "fail[ed] to establish that the witness reporting them has reliable personal knowledge of the defendants' mental state"); *Metzler Inv.*, 540 F.3d at 1068 ("As this court has noted on more than one occasion, corporate management's general awareness of the day-to-day workings of the company's business does not establish scienter—at least absent some additional allegation of ***specific information conveyed to management and related to the fraud***.") (emphasis added); *In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1074-75 (W.D. Wash. 2003) (finding insufficient general scienter allegations about alleged meetings involving management where plaintiffs failed to allege any details of meetings).

In addition, Plaintiff has not alleged the quintessential source for inferring scienter — sales of the defendant's stock during the class period. Indeed, Plaintiff has not alleged that Mr. Byrd sold *any* of his 15,000 available shares[3] of

---

[3] As of the end of the putative class period, Mr. Byrd had 15,000 vested stock

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 12

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Ambassadors stock during the class period. Nor can Plaintiff make that requisite allegation, *because Mr. Byrd sold not a single share of his holdings of Ambassadors' stock during the class period*. That undisputed fact affirmatively negates any inference of scienter with respect to Mr. Byrd. *See In re FVC.COM Sec. Litig.*, 136 F. Supp. 2d 1031, 1039 (N.D. Cal. 2000) (that company president (who was not defendant) did not sell any stock "negates any slight inference of scienter"), *aff'd*, 2002 WL 465161 (9th Cir. 2002); *Metzler Inv.*, 540 F.3d at 1067 ("Digiovanni … sold nothing at all, suggesting that there was no insider information from which to benefit."); *In re Downey Sec. Litig.*, No. CV 08-3261-JFW (RZx), 2009 WL 2767670, *14 (C.D. Cal. Aug. 21, 2009) ("In this case, any inference of scienter is negated by the complete lack of stock sales by the Individual Defendants during the class period.").

### D. **Plaintiff's "Control Person" Claim Against Mr. Byrd Must Be Dismissed.**

To state a "control person" claim against Mr. Byrd, Plaintiff must sufficiently allege both (1) a primary violation of the Exchange Act by Ambassadors, and (2) that Mr. Byrd exercised control over Ambassadors. As explained in the Ambassadors' Dismissal Motion, Plaintiff has failed to

---

options. *See* Declaration of Stellman Keehnel, Ex. A (SEC Forms 4 showing holdings of Mr. Byrd). Vested stock options are properly considered as part of a defendant's holdings during the class period. *See Silicon Graphics*, 183 F.3d at 986-87. The Court may take judicial notice of the documents attached to the Keehnel Declaration without converting this motion to dismiss into a motion for summary judgment, because they are matters of public record required to be filed with the SEC. *See id.* at 986.

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 13

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1  sufficiently allege a primary violation by Ambassadors, and Plaintiff's control
2  person claim against Mr. Byrd must therefore be dismissed. *E.g.*, *Brodsky*, 630 F.
3  Supp. 2d at 1119; *In re Verisign, Inc. Deriv. Litig.*, 531 F. Supp. 2d 1173, 1213
4  (N.D. Cal. 2007) (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d
5  1151, 1161 (9th Cir. 1996)).

## E.  Dismissal Should Be With Prejudice.

This Court has discretion to dismiss the First Amended Complaint with prejudice if it finds that that an amendment would be futile. *See Zucco Partners*, 552 F.3d at 1007. Because Plaintiff's inability to allege any false or misleading statement made by Mr. Byrd is an inherent, structural flaw that cannot be cured by allowing Plaintiff to file yet another amended complaint, amendment would be futile, and dismissal should therefore be with prejudice.

## IV.  CONCLUSION

For all of the reasons stated above, and for the additional reasons stated in the Ambassadors Dismissal Motion, Defendant Chadwick Byrd respectfully requests that the Court dismiss all of Plaintiff's claims against him with prejudice.

Respectfully submitted this 11th day of February, 2010.

*s/ Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309
Bradley T. Meissner, WSBA No. 39592
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044
Telephone:  206.839.4800
Fax:             206.839.4801
E-mail:  stellman.keehnel@dlapiper.com
E-mail:  bradley.meissner@dlapiper.com
Attorneys for Defendant
 Chadwick J. Byrd

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 14

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following.

- **Karl P. Barth**
  kbarth@lmbllp.com, shelby@lmbllp.com

- **Douglas W. Greene**
  dgreene@wsgr.com

- **Barry M. Kaplan**
  bkaplan@wsgr.com

- **David A Rosenfeld**
  drosenfeld@csgrr.com

- **Mario Alba, Jr.**
  malba@csgrr.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **John Kevin Grant**
  jgrant@csgrr.com

s/ *Stellman Keehnel*
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Telephone:    206.839.4800
Fax:               206.839.4801
E-mail: stellman.keehnel@dlapiper.com

Attorneys for Defendant
 Chadwick J. Byrd

WEST\21878242.1

DEFENDANT CHADWICK J. BYRD'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS - 15

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800