# APPENDIX I

Barry M. Kaplan, WSBA #8661
Claire Loebs Davis, WSBA #39812
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email:  bkaplan@wsgr.com
Email:  cldavis@wsgr.com

Attorneys for Defendants
Ambassadors Group, Inc.,
Jeffrey D. Thomas and Margaret M. Thomas

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND and MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMBASSADORS GROUP, INC., JEFFREY D. THOMAS, CHADWICK J. BYRD and MARGARET M. THOMAS,<br><br>Defendants. | CASE NO.:  CV-09-214-JLQ<br><br>CLASS ACTION<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

Pursuant to Federal Rules of Civil Procedure 26(c) and 29, and in order to promote efficiency and limit ancillary litigation of discovery issues relating to the production and disclosure of Confidential Information (as defined below) in this action, plaintiffs Plumbers Union Local No. 12 Pension Fund and MARTA/ATU Local 732 Employees Retirement Plan ("Plaintiffs") and defendants Ambassadors Group, Inc., Jeffrey D. Thomas, Margaret M. Thomas, and Chadwick J. Byrd ("Defendants") have agreed to the terms of this proposed protective order ("Protective Order" or "Order").

**1.    Application.**  This Protective Order shall apply to and govern all discovery conducted pursuant to the Federal Rules of Civil Procedure, and other information furnished directly or indirectly by or on behalf of any party or any non-party in connection with the above-captioned action.

**2.    Definitions.**  Unless otherwise stated, the terms defined below as are stated:

a.    "Discovery" includes, but is not limited to, documents, disclosures, any information or things produced in response to requests for production, answers to interrogatories and requests for admissions, responses to non-party subpoenas, affidavits or declarations, deposition or other testimony, and any documents served or filed that reference such documents, materials or testimony, as well as any other information governed by Federal Rule of Civil Procedure 26 or this Protective Order.

b.    "Disclosing Party" refers to any party or non-party that produces, serves, or files Discovery.

c.    "Receiving Parties" refers to all parties who receive Discovery.

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

d.    "Designating Party" refers to a party or non-party that designates Discovery as "Confidential Information."

e.    "Confidential Information" is all Discovery labeled as "Confidential," or designated to be treated as "Confidential," under the terms of this Protective Order.

**3.    Designation of Confidential Information.**  A party or non-party may designate any Discovery it produces, or the testimony of any witness, as "Confidential" if the Designating Party reasonably believes it would suffer harm or prejudice if the information or material was made public, or if the Discovery contains proprietary, technical, business or financial information; personal information; information furnished to the Designating Party in confidence by any party or non-party, which information is not known or freely accessible to the general public; or information that the Designating Party, or a party or non-party, currently maintains as confidential and is seeking to continue to maintain as confidential.   This provision, and certain other provisions, are intended to allow the parties and non-parties to produce discovery on an expedited basis, but are not intended to expand the class of documents entitled to confidential designation beyond what is permitted under federal law in the event a dispute arises.

**4.    Use of Confidential Information.**  In the absence of written permission from the Designating Party, or an order of the Court, material designated as Confidential Information in this action shall be used solely for the purpose of preparation and trial in this action, including any appeals, and not for any other purpose whatsoever, and shall not be disclosed to any person, except as provided in paragraph 11 below.  Discovery in this action may only be used in separate

litigation only if and after a court order has been obtained permitting such use, following a motion by Plaintiff's counsel.

**5.    Time of Designation.**  Unless otherwise agreed to by the parties, the designation of Confidential Information shall be made at the following times:

a.    For documents or tangible things produced by the Designating Party, at the time of the production of documents;

b.    For declarations, affidavits, discovery responses, court filings, pleadings or other documents served or filed by the Designating Party, at the time of service or filing, whichever occurs first;

c.    For testimony, either (i) at the time that such testimony is given or (ii) within fifteen (15) days after the receipt by the Designating Party of the final transcript of such testimony.

**6.    Manner of Designation.**  Unless otherwise agreed, the designation of Confidential Information shall be made in the following manner:

a.    For documents, discovery responses, declarations, affidavits, court filings, and pleadings, by placing an appropriate "Confidential" designation on each page of such document;

b.    For tangible things, such as magnetic tape, video or audio recordings, and computer-related media, by placing an appropriate designation on the object or, if impractical, on the container containing the tangible thing(s), or as otherwise agreed to by the parties;

c.    For testimony, (i) by orally stating the designation on the record at the time the testimony is given; or (ii) within fifteen (15) days after the receipt of the final transcript of such testimony by giving written notice of the page(s) and line

[PROPOSED] STIPULATED
PROTECTIVE ORDER - 4

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

number(s) designated as Confidential Information.  The court reporter shall place the appropriate designation on each page of the transcript so designated at the time of preparation of the corresponding transcript, which transcript shall be separately bound and conspicuously marked as containing Confidential Information on its cover.  If any document or information designated as Confidential Information is used during the course of a deposition, that portion of the deposition record reflecting such Confidential Information shall be sealed and stamped with the designated degree of confidentiality, and access thereto and handling thereof shall be limited pursuant to the other terms of this Protective Order.

**7.      Treatment Before Designation**

a.      The parties shall treat all produced documents as Confidential Information under the terms of this Protective Order for forty-five (45) days after the production of such documents.  The purpose of this provision is to allow parties other than the Disclosing Party to review the discovery and request that the Disclosing Party designate the discovery as Confidential Information.

b.      The parties shall treat all deposition testimony as Confidential Information for fifteen (15) days after the receipt of the final transcript of such testimony by counsel.

c.      The parties shall treat all other Discovery, including declarations, affidavits, discovery responses, court filings, pleadings or other documents as Confidential Information for fifteen (15) days after the time of service or filing, whichever occurs first.

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

d.    The parties may modify this procedure for any Discovery through written stipulation of all parties, or through agreement on the record at a deposition or proceeding, without further order of the Court.

**8.    Subsequent Designation.**

a.    Discovery, other than testimony, may be retroactively designated with the proper designation at any time after its service, filing, or production.  Because production is being made on an expedited basis, any such subsequent designation under this paragraph shall not constitute, nor be construed as, a waiver of designation and protection as Confidential Information in this action or in any other action.

b.    Disclosure of Discovery after the time periods specified in paragraph 7, and before it is subsequently designated as Confidential Information, shall not constitute a violation of this Order.  In such event, the party that has disclosed such Discovery shall notify the Designating Party of such, in writing, and make a reasonable effort to notify the recipient of the Discovery of the designation, and secure the return of the subsequently-designated material.  If the recipient of the Discovery refuses to return such material, the Designating Party bears the burden of seeking appropriate relief from the Court.

**9.    Use of Good Faith in Designating Material for Protection**.  The Designating Party shall designate Discovery as Confidential Information in good faith, and such designations shall not be made for any improper purpose (*e.g.*, to unnecessarily encumber or impede the case development process, or to impose unnecessary expenses and burdens on parties).  Any party may object to the designation of Discovery as Confidential Information.  Each Designating Party

1  must take care to limit any such designation to material that qualifies under

2  Federal Rules of Civil Procedure 26(c)(1).

3  **10.    Challenging Confidentiality Designations.**

4      a.    A party shall not be obligated to challenge the propriety of a

5  Confidential Information designation at the time the designation is made, and a

6  failure to do so shall not preclude a subsequent challenge thereto.

7      b.    If any party believes that Confidential Information has been

8  improperly designated or should not be treated as such, that party shall notify the

9  Designating Party of its belief and the basis for that belief.  Counsel for the parties

10  shall endeavor to reach an agreement regarding the designation of such

11  Confidential Information within fifteen (15) days of the notice of disagreement.  If

12  no agreement is reached in that time, the party seeking to challenge the designation

13  as Confidential Information may request appropriate relief from the Court by filing

14  a motion with the Court. The Designating Party, or other party or non-party subject

15  to this Protective Order seeking to uphold the Confidential Information designation

16  may oppose the challenge and has the burden of demonstrating that the designation

17  is appropriate.

18      c.    Until the Court resolves the motion for relief, all Discovery labeled as

19  "Confidential" shall continue to be treated as Confidential Information.  In the

20  event that the Court rules that challenged Discovery is not properly designated as

21  Confidential Information, the Disclosing Party shall reproduce copies of all such

22  materials without the "Confidential" labeling, at the expense of the Disclosing

23  Party, within fourteen (14) days of the Court's ruling.

24

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**11.    Disclosure of Confidential Information.**  Receiving Parties may only disclose the content of Confidential Information, or provide copies thereof, to the following persons, subject to the limitations set forth in this Protective Order:

a.    The parties, including individual representatives of the parties, after the parties or representatives have signed the Acknowledgement of Protective Order and Agreement to be Bound attached hereto as Exhibit A;

b.    In-house counsel and outside counsel for the parties, including partners, associates, secretaries, and paralegals or legal assistants, and their support staff and clerical personnel who are engaged in the conduct of this action;

c.    The author, addressees, or recipient of the document, or any other person who would have had access to such information by virtue of his or her employment before it became Discovery in this action;

d.    Any witness at a deposition, but only in connection with their testimony in this action and provided that (i) a good faith effort is made to have the witness sign the Acknowledgement of Protective Order, attached hereto as Exhibit B, unless the witness is a current or former employee of Ambassadors Group, Inc.; and (ii) the Confidential Information is not left in the possession of the witness;

e.    Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services;

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

f.      The Court, its officials involved in this action, judicial clerks and other support staff, court reporters, any special master appointed by the Court, and any mediator agreed to by the parties, and his or her staff;

g.      Expert witnesses or consultants retained by the parties or their respective counsel in connection with this action, and any employees of such experts or consultants who are assisting them, after such witnesses, employees, experts or consultants have signed the Acknowledgement of Protective Order and Agreement to be Bound attached hereto as Exhibit A, and subject to the applicable limitations in paragraph 18; and

h.      Any other individuals, upon written agreement of all parties.

**12.    Return of Confidential Information.**  Upon the conclusion of this action, including any appeal, and within sixty (60) days of the written request by the Designating Party, all Receiving Parties and nonparties shall return or destroy, at the election of the Designating Party, all Confidential Information (including copies) in their possession, custody, and control (including Confidential Information in the possession, custody, or control of their respective experts witnesses and/or consultants).  If the Designating Party elects to have the Confidential Information destroyed, the Receiving Parties shall certify compliance with the terms of this paragraph.  Notwithstanding the foregoing:  (i) attorney work product, attorney-client communications, and information derived from Confidential Information, including transcripts of testimony and exhibits thereto, may be retained by counsel for the Receiving Parties; and (ii) counsel for the Receiving Parties may retain an archival copy of all pleadings and correspondence

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1  that contain Confidential Information, subject to the provisions of this Protective

2  Order.

3  **13.    Public Documents.**  None of the restrictions set forth in this Protective

4  Order shall apply to any Discovery, or information contained therein, in the public

5  domain or which becomes public knowledge by means not in violation of the

6  provisions of this Protective Order.  Nothing in this Protective Order shall prevent

7  a party or non-party from using any information that the party or non-party

8  properly possessed prior to receipt of any Confidential Information from the

9  Disclosing Party, or that is or was discovered or obtained independently by the

10  party or non-party.

11  **14.    Court Procedures – Filing Under Seal.**  Any party seeking to file

12  pleadings or other documents with the Court that contain Confidential Information

13  ("Filing Party") may do so only if (i) reasonably necessary to the pleadings or

14  other documents, and (ii) such pleadings or other documents are filed according to

15  the provisions set forth in this paragraph.  A Filing Party shall take all reasonable

16  steps to file or lodge Confidential Information under seal in compliance with

17  applicable case law and the Federal Rules of Civil Procedure, including Rules 5.2

18  and 26(c), and this Court's Administrative Procedures for Electronic Case Filing,

19  Section II.A.4.

20       a.    The Filing Party must adhere to all the requirements for filing such

21  material under seal, and shall file a motion to seal contemporaneous with the filing

22  of the Confidential Information, which references this Order and specifically

23  identifies the Confidential Information being filed under seal.  If the Designating

24

1  Party is a non-party, then the Filing Party must contemporaneously serve the

2  Designating Party with the motion to seal, in addition to service on the parties.

3          b.      If the Filing Party is the Designating Party, then it must file a

4  memorandum of points and authorities in support of the motion to seal

5  contemporaneously with the motion to seal.  If the Filing Party is not the

6  Designating Party, then the Designating Party, or any party to this action, may file

7  a memorandum of points and authorities in support of the motion to seal no later

8  than nine (9) days following the filing of the motion to seal.

9          c.      Any response to the memorandum of points and authorities in

10  support of the motion to seal may be filed no later than nine (9) days following the

11  filing of the memorandum of points and authorities in support of the motion to

12  seal.

13          d.      Any motion to seal filed under any subsection of this paragraph shall

14  be accompanied by a motion for an expedited hearing under Local Rules 7.1(h)(2)

15  and 37.1(e) and a request for consideration fifteen (15) judicial days after filing.

16          e.      The Clerk of the Court shall maintain the Confidential Information

17  under seal until the Court rules on the motion to seal, and as described in paragraph

18  15.

19          f.      If no memorandum of points and authorities is filed in support of the

20  motion to seal within the time period designated in this paragraph, then the Court

21  may unseal the Confidential Information *sua sponte*, or upon notice by any party

22  that no memorandum of points and authorities has been filed.

23  **15.**    **Denial of a Motion to Seal.**  In the event the Court denies a motion to seal

24  Confidential Information, the Clerk of the Court shall leave the documents under

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1  seal for a period of two (2) days after the date of the Court's denial of the motion

2  to seal.  Within that two (2) day period, the Filing Party may, at its option, file

3  replacement documents that do not contain Confidential Information, in which

4  case the documents initially filed under seal shall remain under seal and not be

5  considered by the Court or any other party.  If the Filing Party does not file

6  replacement documents within the time period prescribed by this paragraph, the

7  material shall remain unsealed in the Court file.

8  **16.    Failure to File a Motion to Seal.**  If the Filing Party fails to file

9  Confidential Information under seal and file an appropriate motion to seal, the

10  Designating Party or any other party to this action may move that the Court place

11  the protected Confidential Information under seal.

12  **17.    Use of Confidential Information During Testimony.**  Any person may be

13  examined as a witness during a deposition concerning any Confidential

14  Information in accordance with the requirements set forth in paragraph 11 above.

15  A party shall have the right to exclude all persons not authorized to have access to

16  information and materials that have been designated Confidential Information

17  from the room where the deposition is being conducted only during that portion of

18  the deposition in which Confidential Information is disclosed.

19  **18.    Record of Persons that Have Been Provided Confidential Information.**

20  Counsel for the Receiving Parties shall maintain a set of executed

21  Acknowledgments for all persons required to sign such an Acknowledgement

22  under the terms of this Order, and such Acknowledgments shall be available for

23  inspection by the Court.  The persons receiving Confidential Information are

24  enjoined from disclosing it to any other person, except as permitted by this Order.

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**19.    Disclosing Confidential Information to Experts.**  Any person specified under paragraph 11(g) must execute the Acknowledgment before any Confidential Information is disclosed to him or her.  If any person specified under paragraph 11(g) is currently working with a company identified in Exhibit C as a "Competitor" of Defendant Ambassadors Group or Ambassadors Programs, Inc., has worked for such a company within the past three (3) years, or has a contract or agreement to do so in the future, the Receiving Party will notify Ambassadors Group of that relationship and provide a current resume or curriculum vitae and list of companies for which the person has done work in the past five (5) years. Ambassadors Group will then have ten (10) days from the date of this disclosure to object to the disclosure of Confidential Information to that person.  That person will be precluded from receiving all Confidential Information until that objection is resolved by agreement of Ambassadors Group, or order of the Court after submission of the issue pursuant to LR 37.1.

**20.    Limitations on Expert Discovery.**  The following types of information and communications with experts shall not be subject of any form of discovery:

(a)    the content of communications among and between: (i) counsel and the expert and/or the expert's staff and/or supporting firms; (ii) counsel and any non-testifying expert consultant and/or the consultant's staff; (iii) the expert and other experts and/or other non-testifying expert consultants; (iv) experts and their staff and/or supporting firms; (v) non-testifying expert consultants and their staffs; (vi) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

(b)     notes, drafts, written communications or other records of preliminary work created by, or for, experts or non-testifying expert consultants.

The foregoing exclusions from discovery will not apply to any information, communications or documents upon which the expert relies as a basis for his or her opinions.  Document discovery relating to a testifying expert's compensation shall be limited to a copy of each expert's: (i) retainer agreement(s); and (ii) documents sufficient to show the time worked and amounts billed by the testifying expert relating to the preparation of the expert report and/or testimony.

**21.     No Implied Waiver or Admission.**  No party shall be obligated to challenge the appropriateness of any confidentiality designation by another party or non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a challenge to the designation at a later time.  Entering into this Protective Order, or producing or receiving information or material designated as Confidential Information under this Protective Order, or otherwise complying with the terms of this Protective Order, shall not:

a.     Operate as an admission by any party that (i) any Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information; or (ii) the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Confidential Information;

b.     Prejudice in any way the rights of the parties to (i) object to the production of Discovery they consider not subject to discovery or consider privileged; (ii) object to the authenticity or admissibility into evidence of any

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1   Discovery; (iii) seek a determination by the Court whether any information or

2   material should be subject to the terms of this Protective Order; (iv) seek to amend

3   or agree to amend (or waive) the provisions or protections of this Protective

4   Order; or (v) petition the Court for a further protective order related to any

5   purportedly Confidential Information.

6   **22.     Other Legal Process.**  If any party or non-party (i) is subpoenaed in

7   another action, (ii) is served with a discovery demand in another action to which it

8   is a party, or (iii) is served with any other legal process by a non-party, seeking

9   Confidential Information for which it was not the Disclosing Party, that party shall

10   give actual written notice, by hand or facsimile transmission, within ten (10) days

11   of receipt of such subpoena, demand, or legal process, to the Disclosing Party and

12   the Designating Party.  Should the person seeking access to the information or

13   material take action against the party or anyone else covered by this Protective

14   Order to enforce such a subpoena, demand, or other legal process, the party shall

15   respond by setting forth the existence of this Protective Order.  Nothing herein

16   shall be construed as requiring the party or anyone else covered by this Protective

17   Order to challenge or appeal any order requiring production of information or

18   material covered by this Protective Order, or to subject itself to any penalties for

19   noncompliance with any legal process or order, or to seek any relief from this

20   Court or any other court.  Once notification is given to the Disclosing Party and

21   the Designating Party pursuant to this provision, such parties shall bear the burden

22   of challenging any subpoena, demand, or other legal process.

23   **23.     Agreement to be Bound.**  All counsel for the parties who have access to

24   Confidential Information under this Protective Order acknowledge they are bound

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1  by this Order and submit to the jurisdiction of this Court for purposes of enforcing

2  this Order.  The parties have reviewed this Order and acknowledge that any

3  violation of the Order may be punishable by sanctions provided in Federal Rule of

4  Civil Procedure 37(b) and/or treated as contempt of court.  In addition to sanctions

5  and/or contempt, any misuse of information may subject a party to liability to the

6  Disclosing Party or the Designating Party.

7  **24.    Protection for Inadvertent Production and Claims of Privilege.**  The

8  parties agree to be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and

9  Federal Rule of Evidence 502(b) regarding inadvertent production and claims of

10  privilege.  If a Disclosing Party has a good faith belief that a privileged or work-

11  product protected document has been inadvertently produced, it shall promptly

12  notify the receiving parties ("Claim of Privilege").  In connection with this

13  provision, the parties shall comply with their ethical and legal obligations

14  concerning the actual or apparent inadvertent production of privileged or work-

15  product protected information, including their obligation to promptly notify a

16  Disclosing Party if appropriate.  Because the documents produced in advance of

17  the April 1, 2011 mediation date are being produced quickly, using the best

18  practices that are reasonable under the circumstances, the production of any

19  privileged materials during this time period shall be deemed to have been

20  "inadvertent."  Upon receipt of any Claim of Privilege with respect to a produced

21  document, all other parties (regardless of whether they agree with the Disclosing

22  Party's claim of privilege or work-product protection) shall promptly:

23

24

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

(a)    use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in such parties' possession, custody, or control, and notify the Disclosing Party that they have done so; and

(b)    notify the Disclosing Party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced documents or material from other persons, if any, to whom such documents or material have been provided, consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

A party disputing a Claim of Privilege shall notify the Disclosing Party of its position after receiving the Claim of Privilege. If the parties cannot resolve their disagreement after meeting and conferring, they shall cooperate in presenting the dispute to the Court as set forth in LR 37.1. It is the Disclosing Party's burden to establish the application of a valid privilege or discovery exemption. In arguing issues concerning an asserted privilege or work-product protection, no party shall claim a waiver by reason of the inadvertent production of any documents produced in connection with this action; provided, however that this provision of the Protective Order shall not apply: (i) if a document is used as an exhibit in a deposition without objection; or (ii) if the Disclosing Party fails to request the return of a document fourteen (14) days after that document appears on another party's exhibit list or is cited in a motion.

**25.    Modification of this Protective Order.**  Any party to this lawsuit may seek an order of the Court to modify the terms of this Protective Order, or seek protections in addition to those provided for here.

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1    **26.    Prior Orders.**  This Protective Order shall not affect any prior order of the

2    Court.  The terms for the treatment of Confidential Information pursuant to the

3    Protective Order shall be effective only upon the entry of this Protective Order.

4

5

6

7    Dated:  February 11, 2011

8                                                                s/ Barry M. Kaplan
                                                                Barry M. Kaplan, WSBA #8661
9                                                               Claire Loebs Davis, WSBA #39812
                                                                **WILSON SONSINI GOODRICH & ROSATI**
10                                                              Professional Corporation
                                                                701 Fifth Avenue, Suite 5100
11                                                              Seattle, WA  98104-7036
                                                                Telephone:  (206) 883-2500
12                                                              Facsimile:   (206) 883-2699
                                                                Email:  bkaplan@wsgr.com
13                                                              Email:  cldavis@wsgr.com

14                                                              Attorneys for Defendants
                                                                Ambassadors Group, Inc., Jeffrey D.
15                                                              Thomas and Margaret M. Thomas

16   Dated:  February 11, 2011

17                                                              s/ Stellman Keehnel
                                                                Stellman Keehnel, WSBA #9309
18                                                              Bradley T. Meissner, WSBA #39592
                                                                **DLA PIPER LLP (US)**
19                                                              701 Fifth Avenue, Suite 7000
                                                                Seattle, WA  98104-7044
20                                                              Telephone:  (206) 839-4800
                                                                Facsimile:   (206) 839-4801
21                                                              Email:  stellman.keehnel@dlapiper.com
                                                                Email:  Bradley.meissner@dlapiper.com
22
                                                                Attorneys for Defendant Chadwick J.
23                                                              Byrd

24

1  Dated:  February 11, 2011

2                                              s/ Tyler S. Weaver
                                               Tyler S. Weaver, WSBA #29413
3                                              **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                               1918 Eighth Ave., Suite 3300
4                                              Seattle, WA  98101
                                               Telephone:  (206) 623-7292
5                                              Facsimile:   (206) 623-0594
                                               Email:  tyler@hbsslaw.com

6
                                               Liaison Counsel for Plaintiffs

7
                                               John K. Grant
8                                              **ROBBINS GELLER RUDMAN & DOWD
                                               LLP**
9                                              One Montgomery Street, Suite 1800
                                               San Francisco, CA  94104
10                                             Telephone:  (415) 288-4545
                                               Facsimile:   (415) 288-4534
11                                             Email:  johnkg@rgrdlaw.com

12                                             Lead Counsel for Plaintiffs

13                                             Gregory Campora
                                               **ROBERT M. CHEVERIE & ASSOCIATES**
14                                             333 E. River Drive, Suite 101
                                               East Hartford, CT  06108
15                                             Telephone:  (860) 290-9610

16                                             Additional Counsel for Plaintiffs

17

18

19

20

21

22

23

24

[PROPOSED] STIPULATED                          **WILSON SONSINI GOODRICH & ROSATI**
PROTECTIVE ORDER - 19                          701 Fifth Avenue, Suite 5100
                                               Seattle, WA  98104-7036
                                               Tel: (206) 883-2500
                                               Fax: (206) 883-2699

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Karl P. Barth
karlb@hbsslaw.com

Tyler S. Weaver
tyler@hbsslaw.com

Barry M. Kaplan
bkaplan@wsgr.com

Claire Loebs Davis
cldavis@wsgr.com

Stellman Keehnel
stellman.keehnel@dlapiper.com

Bradley T. Meissner
bradley.meissner@dlapiper.com

Mario Alba, Jr.
malba@rgrdlaw.com

John K. Grant
jgrant@rgrdlaw.com

David A. Rosenfeld
drosenfeld@rgrdlaw.com

Samuel H. Rudman
srudman@rgrdlaw.com

Matthew Melamed
mmelamed@rgrdlaw.com

Dated:  February 11, 2011

                                                    s/ Barry M. Kaplan
                                                    Barry M. Kaplan, WSBA #8661

[PROPOSED] STIPULATED
PROTECTIVE ORDER - 20