UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PLUMBERS UNION LOCAL NO. 12 PENSION FUND, et al.,

Plaintiffs,

v.

AMBASSADOR'S GROUP, et al.,

Defendants.

NO. CV-09-00214-JLQ

**CLASS ACTION**

**CERTIFICATION ORDER PURSUANT TO FED.R.CIV.P. 23**

BEFORE THE COURT is Plaintiffs' Motion for Class Certification (ECF 139) with supporting memorandum and exhibits. Defendants have filed responses stating that they have no opposition to the Motion for Class Certification. (ECF 150 & 151).

**I. Discussion**

Fed.R.Civ.P. 23 governs certification of class actions. The court "must determine by order whether to certify the action as a class action," and the order "must define the class and the class claims, issues, or defenses, and must appoint class counsel." Fed.R.Civ.P. 23(c)(1). Under Rule 23, "[a] class action may be maintained if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (ie., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Bateman v. American Multi-Cinema*, 623 F.3d 708, 712 (9th Cir. 2010).

**A. Rule 23(a) Prerequisites**

Rule 23(a) sets forth the necessary prerequisites to maintaining an action as a class action. Plaintiffs have addressed the prerequisites in their Memorandum. (ECF 141):

1. **Numerosity** (Rule 23(a)(1)) - Plaintiffs state that during the class period Ambassadors Group, Inc. had over 20 million shares of outstanding common stock that was publicly traded on NASDAQ, and that the reasonable inference would be that there are hundreds, if not thousands, of potential class members who purchased stock during the class period.

2. **Commonality** (Rule 23(a)(2)) - Plaintiffs contend that common questions of law and fact exist as to whether the federal securities laws were violated by Defendants' actions; whether statements made by Defendants to the investing public during the class period omitted or misrepresented material facts about the business, financial and operational results; and whether Defendants acted with the requisite state of mind.

3. **Typicality** (Rule 23(a)(3)) - Plaintiffs state that the claims derive from the same legal theories and allege the same set of operative facts. Plaintiffs' claims being essentially that they purchased common stock and allegedly suffered damages as a consequence of Defendants' alleged false and misleading statements.

4. **Adequacy** (Rule 23(a)(4)) - The representative parties must fairly and adequately protect the interests of the class. Plaintiffs assert there is no conflict between the lead named representative plaintiff, MARTA/ATU Local 732 Employees Retirement Plan ("MARTA") and absent class members, and that the class is represented by two law firms, both with extensive class action experience, including in the area of securities litigation, that have successfully prosecuted securities fraud class actions.

Defendants do not challenge any of Plaintiffs assertions concerning the prerequisites of Rule 23(a), and the court finds the prerequisites are met.

**B. Rule 23(b) Requirement**

Plaintiffs must also comply with Rule 23(b), and Plaintiffs contend that common questions of law and fact predominate over individual questions and that a class action is the superior method of adjudication and thus argue that the action meets the requirements of Rule 23(b)(3). Subdivision (b)(3) "is satisfied if the court finds that the questions of law or fact common to class members predominate over any questions affecting only

individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Bateman v. American Multi-Cinema*, 623 F.3d 708, 712 (9th Cir. 2010).

Plaintiffs allege that common questions of law and fact predominate over individual questions because Defendants' alleged misconduct affects all class members in the same manner, more specifically, the allegedly false statements and omissions artificially inflated the price of Ambassadors' common stock. (ECF 141 p. 9). Defendants offer no opposition to Plaintiffs argument that the predominance requirement is met.

As to the superiority requirement: "Superiority must be looked at from the point of view (1) of the judicial system, (2) of the potential class members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large and (6) of the defendant." *Bateman*, 623 F.3d at 713 (9th Cir. 2010) citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975). Plaintiffs, through their counsel, seek certification, and Defendants, through their counsel, have stated they have no opposition to certification. Thus the parties and their counsel appear in agreement that class certification of this matter is the superior method for fairly and efficiently adjudicating this matter. The court agrees that the requirements of Rule 23(b) are met.

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Class Certification (ECF 139) is **GRANTED**. The class is defined as: All persons who purchased Ambassadors Group, Inc. publicly-traded securities on the open market between July 24, 2007 and October 23, 2007, excluding Defendants, the officers and directors of Ambassadors Group, Inc. at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Ambassadors Group, Inc. had or has a controlling interest.

2. Plaintiffs also seek to have MARTA appointed as class representative. MARTA claims to have purchased Ambassadors' stock between July 31, 2007 and August 3, 2007. (ECF 109 p. 2). Plaintiffs state that MARTA is employing its own

separate fund counsel to oversee its litigation counsel and that there is no conflict between MARTA and absent class members. (ECF 141 p. 8). The court hereby appoints MARTA as class representative.

3. Lastly, Plaintiffs request that Robbins Geller Rudman & Dowd LLP ("Robbins Geller") be appointed as class counsel, and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") be appointed as class liaison counsel. Having considered the factors set forth in Rule 23(g)(1) the court appoints Robbins Geller as class counsel and Hagens Berman as class liaison counsel. Robbins Geller is a firm of approximately 180 lawyers and has extensive experience in securities class action litigation.[1] Hagens Berman has approximately 50 attorneys and also has extensive experience handling class action litigation. Considering the experience of the firms, the resources of the firms, and the work done thus far in this matter, the court finds the requested appointment to be appropriate.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 17th day of March 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] See http://www.rgrdlaw.com/settled-securities-fraud-cases.html and http://www.rgrdlaw.com/new-securities-fraud-cases.html for a list of current and settled matters.