THE HONORABLE JUSTIN L. QUACKENBUSH

STEVE W. BERMAN, WSBA #12536
KARL P. BARTH, WSBA #22780
TYLER S. WEAVER, WSBA #29413
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Liaison Counsel*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT SPOKANE

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMBASSADORS GROUP INC., et al., <br><br> Defendants. | No. 2:09-cv-00214-JLQ <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT |

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1

# TABLE OF CONTENTS

2
**Page**

3    I.    INTRODUCTION ...................................................................1

4    II.   FACTUAL BACKGROUND...................................................2

5          A.    Nature of the Claims ...............................................2

6          B.    Procedural History...................................................2

7          C.    Settlement Negotiations and Overview of the Settlement ...................4

8          D.    Summary of the Proposed Settlement ...................4

9    III.   ARGUMENT...........................................................................6

10         A.    The Proposed Settlement Satisfies the Criteria for Preliminary
                 Approval ...................................................................6
11
12         B.    The Settlement Is the Result of a Thorough, Rigorous, and
                 Adversarial Process ...............................................7

13         C.    The Settlement Merits Preliminary Approval and Class
                 Members Should Be Given Notice and an Opportunity to Be
14               Heard Concerning the Terms of the Settlement.................7

15         D.    Members of the Class Should Be Given an Opportunity to
                 Request Exclusion ..................................................10

16
17   IV.   THE PROPOSED NOTICE SATISFIES RULES 23(D) AND (E)
           AND DUE PROCESS REQUIREMENTS ...............................10

18   V.    PROPOSED SCHEDULE OF EVENTS ...............................11

19   VI.   CONCLUSION........................................................................12

20

21

22

23

24

25

26

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL           - i -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

**CASES**

5    *Churchill Vill., L.L.C. v. GE,*
        361 F.3d 566 (9th Cir. 2004) .......................................................................8, 11

6

7    *Class Plaintiffs v. Seattle,*
        955 F.2d 1268 (9th Cir. 1992) ...........................................................................6

8

9    *Hicks v. Stanley,*
        No. 01 Civ. 10071 (RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) ...........7

10

11   *In re Broadwing, Inc. ERISA Litig.,*
        252 F.R.D. 369 (S.D. Ohio 2006) ......................................................................9

12   *In re Indep. Energy Holdings PLC Sec. Litig.,*
        No. 00 Civ. 6689 (SAS), 2003 WL 22244676 (S.D.N.Y. Sept. 29, 2003) .........7

13

14   *Linney v. Cellular Alaska P'ship,*
        151 F.3d 1234 (9th Cir. 1998) ........................................................................6, 9

15

16   *Mendoza v. United States,*
        623 F.2d 1338 (9th Cir. 1980) ..........................................................................11

17

18   *Mullane v. Cent. Hanover Bank & Trust Co.,*
        339 U.S. 306 (1950)..........................................................................................11

19

20   *Satchell v. Fed. Express Corp.,*
        No. C03-2659 SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ...................6, 7

21

22   *Torrisi v. Tucson Elec. Power Co.,*
        8 F.3d 1370 (9th Cir. 1993) ..............................................................................12

23

24   *West v. Circle K Stores, Inc.,*
        No. CIV. S-04-0438 WBS GGH, 2006 WL 1652598
        (E.D. Cal. June 13, 2006)................................................................................6, 7

25

26   *Young v. Polo Retail, LLC,*
        No. C-02-4546 VRW, 2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) .................6

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL       - ii -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1

2                                                                          **Page**

3

4  **STATUTES, RULES AND REGULATIONS**

5  15 U.S.C.

6      §78j(b)...................................................................................................2

7      §78t(a)...................................................................................................2

8  Federal Rules of Civil Procedure

      Rule 23(c)(2)(B)..................................................................................10

9      Rule 23(e).............................................................................................1

10  17 C.F.R.

11      §240.10b-5............................................................................................2

12

13  **SECONDARY AUTHORITIES**

14

15  Ellen M. Ryan, Laura E. Simmons, *Securities Class Action Settlements* Review and Analysis (Cornerstone Research, Inc. 2011) .....................9

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL        - iii -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1    **I.     INTRODUCTION**

2         Plaintiff MARTA/ATU Local 732 Employees Retirement Plan ("Plaintiff")

3    hereby moves, pursuant to Federal Rule of Civil Procedure 23(e), for entry of the

4    [Proposed] Order Preliminarily Approving Settlement and Providing for Notice

5    ("Notice Order"), submitted herewith, which (1) grants preliminary approval of the

6    proposed settlement; (2) approves the form and manner of notice and directs the

7    dissemination of the notice to Class Members; (3) sets a date by which objections, if

8    any, to the settlement, Plan of Allocation, or the application for an award of attorneys'

9    fees and expenses must be served and filed with the Court; (4) sets a date by which

10   Class Members may request exclusion from the Class; (5) sets a date by which Class

11   Members wishing to participate in the settlement must submit properly completed

12   Proof of Claim and Release forms and supporting documents; and (6) schedules a date

13   and time for a hearing to consider final judicial approval of the proposed settlement.

14        The Settling Parties have entered into a Stipulation of Settlement dated as of

15   July 11, 2011 (the "Stipulation") that results in the resolution of all claims in this

16   Litigation for the amount of $7.5 million in cash on the terms set forth in the

17   Stipulation.[1]

18        Plaintiff submits that the proposed settlement is a good result for the Class and

19   should be preliminarily approved.  The settlement, which was achieved after a

20   comprehensive pre-discovery investigation by counsel, significant formal discovery,

21   analysis by expert consultants, aggressive motion practice, and mediator-assisted

22   settlement negotiations, provides a present recovery for the Class in the face of

23   substantial challenges to any recovery after continued litigation and trial.   In

24   _____

25   [1]     Unless otherwise defined, all capitalized terms have the meanings ascribed to

26   them in the Stipulation.

consideration for the payment of $7.5 million, the settlement will result in the dismissal of the Second Amended Complaint for Violations of Federal Securities Laws, filed on October 18, 2010 (the "Complaint"), with prejudice and the release of all related claims against Defendants in the Litigation.  For the reasons set forth herein, Plaintiff respectfully requests that the Court grant this motion.

## II.    FACTUAL BACKGROUND

### A.    Nature of the Claims

The First Amended Complaint for Violations of Federal Securities Laws ("First Amended Complaint") alleges that Ambassadors Group, Inc. ("Ambassadors"), and certain of its officers and directors violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, by making false statements thereby causing the inflation of Ambassadors' stock prices between February 8, 2007 and October 23, 2007, inclusive.  On June 2, 2010, the Court issued an order denying Defendants' motions to dismiss, but finding only certain of the alleged misrepresentations actionable.  On October 18, 2010, plaintiffs filed the Complaint for the purpose of adding an additional plaintiff.  On March 17, 2011, the Court certified a plaintiff class of investors to include persons who purchased Ambassadors' publicly traded securities between July 24, 2007 and October 23, 2007, consistent with the June 2, 2010 Order.  In the Complaint, Plaintiff asserts that Defendants misrepresented the status of Ambassadors' 2008 marketing campaign and concealed difficulties with respect to obtaining adequate student names to support the 2008 campaign.  As a result, Plaintiff and the Class were economically harmed.

### B.    Procedural History

On July 14, 2009, a class action was filed in this Court asserting claims under the federal securities laws against Ambassadors and certain of its then-current and

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT (2:09-cv-00214-JLQ)    - 2 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1   former officers and directors: Jeffrey D. Thomas, Chadwick J. Byrd, and Margaret M.

2   Thomas.

3       On September 14, 2009, IBEW Local 351 Welfare, Pension and Annuity Funds

4   ("IBEW Local 351") filed a motion for appointment of lead plaintiff and appointment

5   of counsel.  The Court entered an order appointing IBEW Local 351 lead plaintiff and

6   appointing counsel on October 22, 2009.  IBEW Local 351 subsequently filed a

7   motion to withdraw as lead plaintiff, and the Court entered an order appointing

8   Plumbers Union Local No. 12 Pension Fund as substitute lead plaintiff on January 7,

9   2010.

10      The First Amended Complaint was filed on January 11, 2010 and Defendants

11  filed two separate motions to dismiss the First Amended Complaint on February 11,

12  2010.  After hearing argument on May 20, 2010, the Court entered an order on June 2,

13  2010 denying Defendants' motions to dismiss.

14      On July 2, 2010, defendant Chadwick J. Byrd filed a motion to certify the June

15  2, 2010 Order for immediate interlocutory appeal.  Plaintiff opposed that motion and

16  the Court denied the request for interlocutory certification on August 10, 2010.

17      On September 22, 2010, Plumbers Union Local No. 12 Pension Fund filed a

18  motion to intervene MARTA/ATU Local 732 Employees Retirement Plan as an

19  additional plaintiff for standing purposes in light of the Court's June 2, 2010 Order.

20  The Court granted the motion to intervene on October 15, 2010.  Plaintiff filed the

21  Complaint on October 18, 2010.

22      On February 18, 2011, Plaintiff filed a motion for class certification.  The Court

23  entered an order certifying the proposed class and appointing Robbins Geller Rudman

24  & Dowd LLP as class counsel and Hagens Berman Sobol Shapiro LLP as class liaison

25  counsel on March 17, 2011.

26

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL          - 3 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1    As the Court is aware, discovery in federal securities class actions is generally

2  stayed until claims have survived defendants' motion to dismiss.  In the present case,

3  Plaintiff and Defendants undertook discovery shortly after the Court denied

4  Defendants' motions to dismiss.  The parties exchanged document requests and

5  interrogatories.  Defendants produced thousands of documents which counsel for

6  Plaintiff reviewed and analyzed.  Documents were also obtained from third parties.

7    Both sides relied on the extensive production of internal documents to obtain an

8  understanding of the facts relevant to evaluating the strengths and weakness of

9  Plaintiff's claims and Defendants' potential defenses.  The discovery was used both to

10  prepare for the possibility of summary judgment motions and trial and to prepare to

11  engage in meaningful mediation efforts.

12  ## C.    Settlement Negotiations and Overview of the Settlement

13    On April 1, 2011, in an effort to resolve the Litigation, the parties participated

14  in a mediation before the Honorable Judge Layn R. Phillips (Ret.).  As a result of that

15  mediation, the parties reached an agreement-in-principle to settle the Litigation.

16    All negotiations were at arm's length and well informed by: (i) extensive

17  informal investigation by counsel; (ii) analysis of the publicly available information

18  about the Defendants; (iii) significant discovery practice, including review of

19  thousands of documents produced by Defendants; (iv) an analysis of Ambassadors'

20  financial wherewithal to sustain a judgment or pay a settlement; (v) discussions with

21  consulting experts regarding the damages caused by the fraud alleged; (vi) motion

22  practice; and (vii) frank discussions during the mediation process of the parties'

23  respective positions concerning the merits of Plaintiff's claims.

24  ## D.    Summary of the Proposed Settlement

25    The settlement will be funded by a $7,500,000 cash payment by or on behalf of

26  the Settling Defendants, which will be paid into an escrow account on or before ten

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL          - 4 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1  business days following the Court's preliminary approval of the settlement.   The

2  detailed terms of the settlement are set forth in the Stipulation, which is filed herewith.

3  The $7.5 million in cash, less attorneys' fees and any expenses awarded by the Court,[2]

4  notice and administration expenses, and any tax expenses payable from the Settlement

5  Fund (the "Net Settlement Fund"), will be distributed to Authorized Claimants (*i.e.*,

6  Class Members who file timely and valid Proof of Claim and Release forms) in

7  accordance with the Plan of Allocation described fully in the Notice of Pendency and

8  Proposed Settlement of Class Action ("Notice"), attached as Exhibit A-1 to the Notice

9  Order.   The Plan of Allocation is based on Plaintiff's theory of damages (consistent

10 with the claims upheld by the Court in its orders regarding this action) and treats all

11 potential claimants in a fair and equitable fashion.   Each Authorized Claimant will be

12 paid that percentage of the Net Settlement Fund that such Authorized Claimant's

13 claim represents in relation to the total claims of all Authorized Claimants.

14      As set forth below, the settlement meets the standards for preliminary approval

15 as it falls well within the range of possible approval, was the product of extensive

16 arm's-length negotiations between experienced counsel, and has no obvious

17 deficiencies.   Notice should also be issued to the Class given the notice program is the

18 best practicable under the circumstances.

19

20

21

22

23  _____

24  [2]      As set forth in the Notice, Lead Counsel will file a written request with the

25  Court for an award of attorneys' fees and expenses incurred in connection with the

26  prosecution of the Litigation.

1

## III.   ARGUMENT

2

### A.   The Proposed Settlement Satisfies the Criteria for Preliminary Approval

3

4

Judicial policy strongly favors settlement of class actions.  *Class Plaintiffs v.*

5 *Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Linney v. Cellular Alaska P'ship*, 151

6 F.3d 1234, 1238 (9th Cir. 1998); *West v. Circle K Stores, Inc.*, No. CIV. S-04-0438

7 WBS GGH, 2006 WL 1652598, at *1 (E.D. Cal. June 13, 2006).

8

Approval of a class action settlement normally proceeds in two stages:

9 preliminary approval, followed by notice to the class, and then final approval.  *See,*

10 *e.g.*, *West*, 2006 WL 1652598, at *2.  This case is now at the first stage of the process.

11 Standards governing whether preliminary approval should be granted have "both a

12 procedural and a substantive component."  *Young v. Polo Retail, LLC*, No. C-02-4546

13 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006).  The court in *Young*,

14 quoting from the *Manual for Complex Litigation* and *Newberg on Class Actions*,

15 explained the procedure as follows,

16 "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does
17 not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval,
18 then the court should direct that the notice be given to the class members of a formal fairness hearing . . . ."  *Manual for Complex Litigation*,
19 Second §30.44 (1985).  In addition, "[t]he court may find that the settlement proposal contains some merit, is within the range of
20 reasonableness required for a settlement offer, or is presumptively valid."  *Newberg on Class Actions* §11.25 (1992).

21 2006 WL 3050861, at *5 (omission in original); *see also Satchell v. Fed. Express*

22 *Corp.*, No. C03-2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) (granting

23 preliminary approval after finding proposed settlement was non-collusive, had no

24 obvious defects, and was within the range of possible settlement approval).  Applying

25 the standards set forth above, the proposed settlement should be preliminarily

26 approved.

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL      - 6 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

**B.    The Settlement Is the Result of a Thorough, Rigorous, and Adversarial Process**

The procedural and settlement history of this case demonstrate an arm's length, adversarial relationship between the parties.  The settlement discussions were contentious, with the parties far apart.  However, the participation of a skilled mediator resulted in the parties reaching a settlement.

Courts have recognized that "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell*, 2007 WL 1114010, at *4; *see also In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689 (SAS), 2003 WL 22244676, at *4 (S.D.N.Y. Sept. 29, 2003) ("the fact that the Settlement was reached after exhaustive arm's-length negotiations, with the assistance of a private mediator experienced in complex litigation, is further proof that it is fair and reasonable").  This presumption is particularly apt where, as here, the ultimate settlement required a number of attempts at mediation and, even then, went into "extra innings." *See, e.g.*, *Hicks v. Stanley*, No. 01 Civ. 10071 (RJH), 2005 WL 2757792, at *5 (S.D.N.Y. Oct. 24, 2005) ("[a] breakdown in settlement negotiations can tend to display the negotiation's arms-length and non-collusive nature").

**C.    The Settlement Merits Preliminary Approval and Class Members Should Be Given Notice and an Opportunity to Be Heard Concerning the Terms of the Settlement**

"[A]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'" *West*, 2006 WL 1652598, at *11 (citation omitted).  This settlement, which requires $7.5 million to be paid by or on behalf of the Settling Defendants, clearly is within such a range and merits consideration by all of the Members of the Class.  Moreover, the fairness and adequacy of the settlement is further underscored by taking into account the obstacles the Class faced in ultimately succeeding on the merits, as well as the expense and

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL         - 7 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1    likely duration of the Litigation. *See Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 576
2    (9th Cir. 2004) (citing risk, expense, complexity, and likely duration of further
3    litigation as factors supporting final approval of settlement).

4         Here, Plaintiff contends that Defendants falsely assured investors that there had
5    been no material changes to Ambassadors' marketing campaign for the 2008 travel
6    year, by assuring investors during a July 24, 2007 conference call that the marketing
7    campaign for 2008 was similar to prior years. Plaintiff alleges that when Defendants
8    made statements regarding Ambassadors' 2008 marketing campaign, that the
9    Defendants concealed substantial changes and difficulties that Ambassadors had
10    encountered, including a severe deterioration in the student name lists used to identify
11    students and their families for the direct mail solicitations. Defendants dispute the
12    severity of the problems identified by Plaintiff, whether investors were mislead, and
13    whether Defendants were reckless in disclosing the matters identified by Plaintiff.

14         Even if Plaintiff's claims had been upheld at trial, the parties would have
15    challenged issues of loss causation and the proper methodologies for computing
16    damages.

17         Defendants have a different view of damages and loss causation. Defendants
18    contend that even with respect to the stock drop that the Court found had been
19    sufficiently alleged to meet applicable pleading requirements, recoverable damages (if
20    any) would be substantially less than asserted by Plaintiff.

21         Plaintiff acknowledges the risk in proving damages and recognizes the risk that
22    a jury might not find liability or that Defendants' actions caused losses, or that, even if
23    a jury reached findings favorable to the Class, a jury might substantially reduce the
24    amount of recoverable damages. There is no doubt that the case both sides would
25    present at trial would be both complex and nuanced, and would include a "battle of the
26    experts" on the arcana of damages calculation, isolation of the damages attributable to

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL          - 8 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

particular actions by Defendants, as well as proof of scienter and materiality.  The results of the trial would almost certainly not end the Litigation, as one side would likely appeal, and it is quite possible that both sides would do so in the event that the jury found for the Class, but substantially reduced the damages sought.  In the absence of a settlement, Class Members would have to wait several more years before they obtained any relief, even assuming they were successful and overcame every obstacle. It has been noted that "the difficulty Plaintiffs would encounter in proving their claims, the substantial litigation expenses, and a possible delay in recovery due to the appellate process, provide justifications for this Court's approval of the proposed Settlement."  *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 373-74 (S.D. Ohio 2006).

Taking into account the risks of surviving a summary judgment motion and in proving liability and damages at trial, the proposed $7.5 million settlement is a good result for the Class.  The Ninth Circuit has pointed out that the very essence of settlement is compromise and that a settlement can be acceptable even though it may amount to only a fraction of the potential recovery.  *Linney*, 151 F.3d at 1242.  The proposed settlement equals approximately 17.5% of Plaintiff's estimate of maximum total damages, which is significantly above the average recovery in class action settlements.[3]  Thus, the proposed settlement meets the standards for preliminary and final approval.

---

[3]    A recent study by Cornerstone Research states that in 2010, settlements as a percentage of estimated "plaintiff-style" damages averaged 2.8%.  Ellen M. Ryan, Laura E. Simmons, *Securities Class Action Settlements*, 2010 Review and Analysis, at 5 (Cornerstone Research, Inc. 2011).

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL            - 9 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1

2

### D.    Members of the Class Should Be Given an Opportunity to Request Exclusion

3    Notice of the proposed settlement and of the date and time of the final approval

4    hearing should also advise Members of the Class of the method for requesting

5    exclusion from the Class, the time within which they can make such decision, and the

6    manner in which they can advise the Claims Administrator of their decision to request

7    exclusion.  *See* Fed. R. Civ. P. 23(c)(2)(B).  The Notice, annexed to the proposed

8    Notice Order as Exhibit A-1, advises the Members of the Class of their right to request

9    exclusion, the consequences of making such a request (*i.e.*, they will not participate in

10    the settlement, but will retain whatever rights they may have and not be bound by the

11    settlement's terms and releases), the method by which they can request exclusion, and

12    the deadline by which they must mail their request for exclusion.  In addition, the

13    Summary Notice (Exhibit A-3 to the Notice Order) advises Class Members of the

14    deadline for exclusion and how to obtain a copy of the Notice.  Providing an

15    opportunity to request exclusion from the Class satisfies the requirements of Federal

16    Rule of Civil Procedure 23(c)(2)(B).

17    ## IV.    THE PROPOSED NOTICE SATISFIES RULES 23(D) AND (E) AND DUE PROCESS REQUIREMENTS

18

19    Lead Counsel proposes that mailed and published notices be given in the form

20    of the Notice and Summary Notice, attached as Exhibits A-1 and A-3 to the Notice

21    Order.  Notice to the Class in the form and in the manner set forth in the Notice Order

22    will fulfill the requirements of due process, comply with the Federal Rules of Civil

23    Procedure, and inform Class Members of the settlement, their right to request

24    exclusion from the Class, and their opportunity to appear and be heard at the fairness

25    hearing.

26    Notice must be "reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL        - 10 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980). Plaintiff proposes to give interested parties notice in two ways: by First-Class Mail, addressed to all Class Members who can reasonably be identified and located, and by publication notice in *Investor's Business Daily*. In addition, the Notice and Proof of Claim and Release form will be posted on the website of the Claims Administrator.

The form and substance of the notices are also sufficient. "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill.*, 361 F.3d at 575 (quoting *Mendoza*, 623 F.2d at 1352). The proposed form of class notice describes in plain English the terms of the settlement, the considerations that caused Lead Counsel to conclude that the settlement is fair and adequate, the maximum counsel fees and expenses that will be sought, the procedure for requesting exclusion from the Class, the procedure for objecting to the settlement, the procedure for participating in the settlement, and the date and place of the fairness hearing. The Notice will fairly apprise Class Members of the settlement and their options with respect thereto, and fully satisfies all due process requirements.

## V.    PROPOSED SCHEDULE OF EVENTS

Plaintiff requests permission to provide notice of the settlement to Class Members at this time. Lead Counsel have inserted the following proposed schedule into the Notice Order and its Exhibits, submitted herewith.

| | |
|---|---|
| Date by which the Notice is mailed to Class Members | September 7, 2011 |
| Date by which the Summary Notice must be published | September 8, 2011 |
| Date by which to file motions in support of the settlement, Plan of | October 11, 2011 |

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL        - 11 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

| | |
|---|---|
| Allocation, and attorneys' fees and expenses | |
| Last day to request exclusion from the Class | October 24, 2011 |
| Last day for Class Members to object to the settlement | October 24, 2011 |
| Date by which reply briefs must be filed | November 14, 2011 |
| Final approval hearing | At the Court's convenience on or after November 21, 2011 |
| Last day for Class Members to submit a Proof of Claim and Release form | December 6, 2011 |

This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Class Members with respect to their rights concerning the settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993).

## VI.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter the Notice Order: (1) preliminarily approving the proposed settlement; (2) directing the dissemination of notice to Class Members; (3) setting a date by which objections, if any, to the settlement, the Plan of Allocation, or the application for the award of attorneys' fees and expenses must be served and filed; (4) setting a date by which Class Members may request exclusion from the Class; (5) setting a date by which Class Members wishing to participate in the settlement must submit properly completed Proof of Claim and Release forms and supporting documents; and (6) scheduling a date and time for a hearing to consider whether to grant final judicial approval of the settlement.

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL        - 12 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

DATED:  July 13, 2011

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN, WSBA #12536
KARL P. BARTH, WSBA #22780
TYLER S. WEAVER. WSBA #29413


_____/s/  Karl P. Barth_____
KARL P. BARTH

1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)
E-mail: steve@hbsslaw.com
E-mail: karlb@hbsslaw.com
E-mail: tvler@hbsslaw.com

Liaison Counsel for Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN K. GRANT
MATTHEW S. MELAMED
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail: jgrant@rgrdlaw.com
E-mail: mmelamed@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOY ANN BULL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail: iovb@rgrdlaw.com

Lead Counsel for Plaintiff

ROBERT M. CHEVERIE
  & ASSOCIATES
GREGORY CAMPORA
Commerce Center One
333 E. River Drive, Suite 101
East Hartford, CT  06108
Telephone:  860/290-9610

Additional Counsel for Plaintiff

633796_1

PLAINTIFF'S MEMO OF P'S & A'S IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL    - 13 -
OF SETTLEMENT (2:09-cv-00214-JLQ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mario Alba, Jr.
Robbins Geller Rudman & Dowd LLP
E-mail: malba@rgrdlaw.com

Karl P. Barth, WSBA No. 22780
Hagens Berman Sobol Shapiro LLP
E-mail: Karlb@hbsslaw.com

John K. Grant
Robbins Geller Rudman & Dowd LLP
E-mail: jgrant@rgrdlaw.com

Douglas W. Greene, WSBA No. 22844
Wilson Sonsini Goodrich & Rosati
E-mail: dgreene@wsgr.com

Barry M. Kaplan, WSBA No. 8661
Wilson Sonsini Goodrich & Rosati
E-mail: bkaplan@wsgr.com

Stellman Keehnel, WSBA No. 9309
DLA Piper LLP (US)
E-mail: stellman.keehnel@dlapiper.com

David A. Rosenfeld
Robbins Geller Rudman & Dowd LLP
E-mail: drosenfeld@rgrdlaw.com

Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
E-mail: srudman@rgrdlaw.com

633305_1

NOT. OF HEARING RE PL'S MOT.
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
(2:09-cv-00214-JQL)

- 1 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Karl P. Barth
   Karl P. Barth, WSBA No. 22780
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
E-mail:  karl@hbsslaw.com

Liaison Counsel for Plaintiff

NOT. OF HEARING RE PL'S MOT.
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
(2:09-cv-00214-JQL)

- 2 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594