1
2
3
4
5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

6
7
8
9
10
11
12

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| AMBASSADORS GROUP INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

No. CV-09-00214-JLQ

CLASS ACTION

ORDER FOR HEARING ON PROPOSED CLASS ACTION SETTLEMENT

13

14
15
16
17
18
19
20

A consolidated class action is pending before Court entitled *Plumbers Union Local No. 12 Pension Fund v. Ambassadors Group, Inc., No. CV-09-0214-JLQ* (the "Litigation"). The court has received the Stipulation of Settlement dated as of July 11, 2011 (the "Stipulation"), that has been entered into by the Plaintiff and Settling Defendants, and the Court has reviewed the Stipulation and its attached Exhibits. The Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23(e), for an Order preliminarily approving the settlement of this Litigation.

21
22
23

1.    The Court finds the Stipulation and the proposed settlement set forth therein fall within the range of possible approval by the court, subject to any objections thereto and the final hearing thereon.

24
25
26

2.    A hearing (the "Settlement Hearing") shall be held before this Court on **Wednesday, November 30, 2011, at 10:00 a.m.**, in the courtroom of the undersigned in the Thomas S. Foley United States Courthouse, 920 West Riverside Avenue,

- 1 -

1  Spokane, WA, to determine whether the proposed settlement of the Litigation on the

2  terms and conditions provided for in the Stipulation is fair, reasonable, and adequate

3  to the Class and should be approved by the Court; whether a Judgment as provided in

4  ¶1.14 of the Stipulation should be entered herein; whether the proposed Plan of

5  Allocation should be approved; and to determine the amount of fees and expenses that

6  should be awarded to counsel for the Plaintiff. The Court may adjourn the Settlement

7  Hearing without further notice to Members of the Class.

8        3.      The Court has revised and then approved, as to form and content, the

9  Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof

10  of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as

11  Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the

12  Notice, and publishing of the Summary Notice, substantially in the manner and form

13  set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil

14  Procedure 23 and due process, and is the best notice practicable under the

15  circumstances and shall constitute due and sufficient notice to all Persons entitled

16  thereto.

17        4.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court

18  appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and

19  administer the notice procedure as well as the processing of claims as more fully set

20  forth below:

21        (a)     Not later than September 20, 2011 (the "Notice Date"), Lead

22  Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the

23  forms annexed as Exhibits A-1 and A-2, to be mailed by First-Class Mail to all Class

24  Members who can be identified with reasonable effort;

25

26

1         (b)     Not later than September 21, 2011, Lead Counsel shall cause the

2 Summary Notice to be published once in *Investor's Business Daily* and in the

3 *Spokesman Review*; and

4         (c)     At least seven (7) calendar days prior to the Settlement Hearing,

5 Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court

6 proof, by affidavit or declaration, of such mailing and publishing.

7         5.     Nominees who purchased Ambassadors common stock on the open

8 market during the period between July 24, 2007 and October 23, 2007, inclusive, shall

9 send the Notice and the Proof of Claim to all beneficial owners of such Ambassadors

10 common stock within ten (10) days after receipt thereof, or send a list of the names

11 and addresses of such beneficial owners to the Claims Administrator within ten (10)

12 days of receipt thereof, in which event the Claims Administrator shall promptly mail

13 the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if

14 requested, reimburse banks, brokerage houses or other nominees solely for their

15 reasonable out-of-pocket expenses incurred in providing notice to beneficial owners

16 who are Class Members out of the Class Notice and Administration Fund, which

17 expenses would not have been incurred except for the sending of such notice, subject

18 to further order of this Court with respect to any dispute concerning such

19 compensation.

20         6.     All Members of the Class, except those requesting exclusion, shall be

21 bound by all determinations and judgments in the Litigation concerning the

22 settlement, whether favorable or unfavorable to the Class.

23         7.     Class Members who wish to participate in the settlement shall complete

24 and submit Proof of Claim forms in accordance with the instructions contained

25 therein.  Unless the Court orders otherwise, all Proof of Claim forms must be

26 postmarked no later than ninety (90) days from the Notice Date.  Any Class Member

who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

8.      Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice.  All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

9.      Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If Members of the Class do not enter an appearance, they will be represented by Lead Counsel.

10.     Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the Plaintiff; provided, however, that absent good cause shown no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to counsel for the Plaintiff, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received on or before November 10, 2011, by: Robbins Geller Rudman & Dowd LLP, Joy Ann Bull, 655 West Broadway, Suite

1 │ 1900, San Diego, CA 92101, and Wilson Sonsini Goodrich & Rosati, P.C., Barry M.

2 │ Kaplan, 701 Fifth Avenue, Suite 5100, Seattle, WA 98104, and filed said objections,

3 │ papers, and briefs with the Clerk of the United States District Court for the Eastern

4 │ District of Washington, on or before November 10, 2011.  Any Member of the Class

5 │ who does not make his, her or its objection in the manner provided shall be deemed to

6 │ have waived such objection and shall forever be foreclosed from making any

7 │ objection to the fairness or adequacy of the proposed settlement as set forth in the

8 │ Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses

9 │ to counsel for Plaintiff, unless otherwise ordered by the Court.

10 │        11.    All funds held by the Escrow Agent shall be deemed and considered to be

11 │ in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

12 │ until such time as such funds shall be distributed pursuant to the Stipulation and/or

13 │ further order(s) of the Court.

14 │        12.    All papers in support of the settlement, the Plan of Allocation, and the

15 │ application by counsel for Plaintiff for attorneys' fees or expenses shall be filed and

16 │ served on or before October 27, 2011, and any reply papers shall be filed and served

17 │ on or before November 22, 2011.

18 │        13.    Neither Defendants nor their Related Parties shall have any responsibility

19 │ for or liability with respect to the Plan of Allocation or any application for attorneys'

20 │ fees or expenses submitted by Lead Counsel, and such matters will be considered

21 │ separately from the fairness, reasonableness, and adequacy of the settlement.

22 │        14.    At or after the Settlement Hearing, the Court shall determine whether the

23 │ Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees

24 │ or expenses, shall be approved.

25 │        15.    All reasonable expenses incurred in identifying and notifying Class

26 │ Members, as well as administering the Settlement Fund, shall be paid as set forth in

1 | the Stipulation.  In the event the settlement is not approved by the Court, or otherwise

2 | fails to become effective, neither the Plaintiff nor Lead Counsel shall have any

3 | obligation to repay any amounts actually and properly disbursed from the Class Notice

4 | and Administration Fund.

5 |      16.    Neither the Stipulation, nor any of its terms or provisions, nor any of the

6 | negotiations or proceedings connected with it, shall be construed as an admission or

7 | concession by Defendants or their Related Parties of the truth of any of the allegations

8 | in the Litigation, or of any liability, fault, or wrongdoing of any kind.

9 |      17.    The Court reserves the right to adjourn the date of the Settlement Hearing

10 | without further notice to the Members of the Class, and retains jurisdiction to consider

11 | all further applications arising out of or connected with the proposed settlement.  The

12 | Court may approve the settlement, with such modifications as may be agreed to by the

13 | Settling Parties, if appropriate, without further notice to the Class.

14 |      18.    The Court may, for good cause, extend any of the deadlines set forth in

15 | this Order without further notice to Members of the Class.

16 |      19.    All other proceedings in the Litigation are stayed until further order of

17 | the Court.

18

19 |     IT IS SO ORDERED.

20 |     Dated September 6, 2011.

21 |           /s/ Justin L. Quackenbush

            JUSTIN L. QUACKENBUSH

22 |           SENIOR UNITED STATES DISTRICT JUDGE

23

24

25

26