THE HONORABLE JUSTIN L. QUACKENBUSH

STEVE W. BERMAN, WSBA #12536
KARL P. BARTH, WSBA #22780
TYLER S. WEAVER, WSBA #29413
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Liaison Counsel*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMBASSADORS GROUP INC., et al.,<br><br>Defendants. | No. 2:09-cv-00214-JLQ<br><br>CLASS ACTION<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES<br><br>NOTE ON MOTION CALENDAR: Wednesday, November 30, 2011 at 10:00 a.m.<br><br>ORAL ARGUMENT REQUESTED |

660060_1

PLAINTIFF'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF APPLICATION FOR FEES AND EXPENSES (2:09-cv-00214-JLO)
010165-11 483126 V1

- 1 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................5

II. FACTUAL AND PROCEDURAL HISTORY OF THE LITIGATION ........6

III. AWARD OF ATTORNEYS' FEES .....................................................................6

    A. The Legal Standards Governing the Award of Attorneys' Fees in Common Fund Cases Support the Requested Award ......................6

        1. A Reasonable Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases ................................................................6

        2. A Fee of 25% of the Fund Created Is Reasonable.....................8

    B. Consideration of the Relevant Factors Used by Courts in the Ninth Circuit Justifies a Fee Award of 25% in This Case ....................8

        1. The Result Achieved...................................................................8

        2. The Risks of Litigation ..............................................................9

        3. The Skill Required and the Quality of the Work .....................10

        4. The Novelty and Difficulty of the Questions Presented...........10

        5. The Contingent Nature of the Fee and the Financial Burden Carried by Lead Counsel...............................................11

        6. A 25% Fee Award Is Below the Average Fee Awarded in Similar Complex Class Action Litigation................................11

        7. The Customary Fee ..................................................................12

        8. Reaction of the Class Supports Approval of the Attorneys' Fees Requested .......................................................12

IV. THE REQUESTED FEE IS MORE THAN REASONABLE UNDER A LODESTAR CROSS-CHECK................................................................12

V. PLAINTIFF'S COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED ..................................................................................13

VI. CONCLUSION....................................................................................................14

660060_1

PLAINTIFF'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF APPLICATION FOR FEES AND EXPENSES (2:09-cv-00214-JLO)

010165-11 483126 V1

- 2 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

# TABLE OF AUTHORITIES

Page

**CASES**

*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................................. 7, 12

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ........................................................................................ 14

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................................................. 8, 13

*In re BankAtlantic Bancorp., Inc. Sec. Litig.*,
   No. 07-61542-CIV, 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011) ........................... 11

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
   194 F.R.D. 166 (E.D. Pa. 2000) ............................................................................... 10

*In re Media Vision Tech. Sec. Litig.*,
   913 F. Supp. 1362 (N.D. Cal. 1996) ......................................................................... 14

*In re Sumitomo Copper Litig.*,
   74 F. Supp. 2d 393 (S.D.N.Y. 1999) ........................................................................ 13

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) ........................................................................... 7, 9, 11

*J.N. Futia Co. v. Phelps Dodge Indus., Inc.*,
   No. 78 Civ. 4547, 1982 U.S. Dist. LEXIS 15261 (S.D.N.Y. Sept. 17,
   1982) ........................................................................................................................ 10

*Keith v. Volpe*,
   501 F. Supp. 403 (C.D. Cal. 1980) ........................................................................... 13

*Paul, Johnson, Alston & Hunt v. Graulty*,
   886 F.2d 268 (9th Cir. 1989) ................................................................................. 7, 8

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) .................................................................................... 8

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND     - 3 -
EXPENSES (2:09-cv-00214-JLO)
010165-11  483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

**Page**

*Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) .......... 7

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) .......... 7, 8

*Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299 (W.D. Wash. 2001) .......... 10

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .......... 7, 10, 12, 13

**STATUTES, RULES AND REGULATIONS**

15 U.S.C. §78u-4(a)(6) .......... 8

**SECONDARY AUTHORITIES**

Charles Silver, *Due Process and the Lodestar Method: You Can't Get There from Here* (2000) 74 Tul. L. Rev. 1809 .......... 7, 8

Denise N. Martin, Vinita M. Juneja, Todd S. Foster, Frederick C. Dunbar, *Recent Trends IV: What Explains Filings and Settlements in Shareholder Class Actions?* (NERA Nov. 1996) .......... 12

Dr. Jordan Milev, Robert Patton, and Svetlana Starykh, *Trends 2010 Year-End Update: Securities Class Action Filings Accelerate in Second Half of 2010; Median Settlement Value at an All Time High* (NERA Dec. 2010) .......... 9

Richard Posner, *Economic Analysis of Law* (3d ed. 1986) §21.9 .......... 11

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

Plaintiff hereby respectfully moves for an order approving Lead Counsel's application for an award of attorneys' fees and expenses. Plaintiff's motion is based on the following memorandum, the Declaration of John K. Grant in Support of Plaintiff's Motion for (1) Approval of Class Action Settlement; (2) Approval of Plan of Allocation of Settlement Proceeds; and (3) Award of Attorneys' Fees and Expenses ("Grant Decl."), the declarations of counsel in support of the application for attorneys' fees and expenses, the Stipulation of Settlement dated as of July 11, 2011 (ECF No. 159), all other pleadings and matters of record, and such additional evidence or argument as may be presented at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Lead Counsel negotiated a settlement with Defendants consisting of $7,500,000 in cash.[1] This settlement is a very favorable result for the Class because it represents approximately 17.5% of Lead Counsel's view of maximum damages. This recovery is well above the average recovery in class action settlements and was obtained without the expense and delay of trial. For their efforts, Lead Counsel seek a benchmark fee of 25% of the Settlement Fund, plus expenses of $224,211.21.

The Grant Declaration details Lead Counsel's work in this case, including pre-filing investigation, opposition to Defendants' motions to dismiss, discovery, and settlement negotiations. Lead Counsel spent considerable time and resources to develop a case that would survive the pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and convince Defendants that the Plaintiff was prepared to pursue this matter through appeal and trial if necessary.

---

[1] All capitalized terms not defined herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of July 11, 2011. ECF No. 159.

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND          - 5 -
EXPENSES (2:09-cv-00214-JLO)
010165-11 483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

The 25% benchmark fee requested is more than fair and reasonable when considered under the applicable standards and, as discussed below, is well within the normal range of awards made in contingent fee matters of this type, particularly in view of the result achieved and the considerable risks attendant in bringing and pursuing this litigation. This case involved complex issues, including proof of scienter, loss causation, and damages. There was a significant risk that Plaintiff would spend several more years at sizable cost and would not obtain a larger recovery for the Class.

For the reasons set forth herein and in the Grant Declaration, we respectfully submit that the requested attorneys' fees and expenses are fair and reasonable under the applicable legal standards and, in light of the risks faced and the result achieved, should be awarded by this Court.

## II.   FACTUAL AND PROCEDURAL HISTORY OF THE LITIGATION

The Grant Declaration is an integral part of this submission. The Court is respectfully referred to it for a detailed description of the factual and procedural history of the litigation, the claims asserted, the discovery undertaken, the negotiation of the settlement, as well as the risks and uncertainties presented in this litigation.

## III.   AWARD OF ATTORNEYS' FEES

### A.   The Legal Standards Governing the Award of Attorneys' Fees in Common Fund Cases Support the Requested Award

#### 1.   A Reasonable Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases

For their efforts in creating a common fund for the benefit of the Class, Lead Counsel seek a reasonable percentage of the fund recovered as attorneys' fees. In recent years, the percentage method of awarding fees has become an accepted, if not the prevailing method, for awarding fees in common fund cases in this Circuit and

660060_1

PLAINTIFF'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF APPLICATION FOR FEES AND EXPENSES (2:09-cv-00214-JLO)
010165-11  483126 V1

- 6 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

throughout the United States. A percentage fee award is appropriate because it encourages counsel to obtain the maximum recovery for the class at the earliest possible stage of the litigation and, hence, most fairly correlates plaintiff's counsel's compensation to the benefit achieved for the class.

In *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), the Supreme Court recognized that under the "common fund doctrine" a reasonable fee may be based "on a percentage of the fund bestowed on the class." In this Circuit, the district court has discretion to award fees in common fund cases based on either the so-called lodestar/multiplier method or the percentage-of-the-fund method. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) ("*WPPSS*"). In *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989), *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990), *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993), and *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), the Ninth Circuit expressly approved the use of the percentage method in common fund cases.

Since *Paul, Johnson* and its progeny, district courts in this Circuit have almost uniformly shifted to the percentage method in awarding fees in representative actions. The rationale for compensating counsel in common fund cases on a percentage basis is sound. First, it is consistent with the practice in the private marketplace where contingent fee attorneys are customarily compensated by a percentage of the recovery. Second, it more closely aligns the lawyers' interest in being paid a fair fee with the interest of the class in achieving the maximum possible recovery in the shortest amount of time. Indeed, one of the nation's leading scholars in the field of class actions and attorneys' fees, Professor Charles Silver of the University of Texas School of Law, has concluded that the percentage method of awarding fees is the only method of fee awards that is consistent with class members' due process rights. *See* Charles

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND                - 7 -
EXPENSES (2:09-cv-00214-JLO)
010165-11 483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

Silver, *Due Process and the Lodestar Method: You Can't Get There from Here*, 74 Tul. L. Rev. 1809, 1819-20 (2000). Third, a percentage fee is particularly appropriate in PSLRA cases where Congress recognized the propriety of the percentage method of fee awards.[2]

### 2. A Fee of 25% of the Fund Created Is Reasonable

In *Paul, Johnson*, the Ninth Circuit established 25% of the fund as the "benchmark" award for attorneys' fees. 886 F.2d at 272; *see also Torrisi*, 8 F.3d at 1376 (reaffirming 25% benchmark); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (same). In view of the result obtained, the contingent fee risk, and the financial commitment of Lead Counsel, an award of 25% of the recovery obtained for the Class is appropriate.

## B. Consideration of the Relevant Factors Used by Courts in the Ninth Circuit Justifies a Fee Award of 25% in This Case

Lead Counsel submit that, as the factors discussed below demonstrate, attorneys' fees of 25% of the fund recovered for the Class are reasonable under the circumstances of this case and should be approved.

### 1. The Result Achieved

Courts have consistently recognized that the result achieved is one of the most important factors to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained").

A Settlement Fund of $7.5 million has been obtained through the efforts of Lead Counsel. The favorable nature of this settlement is supported by a review of

---

[2] "Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. §78u-4(a)(6).

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND         - 8 -
EXPENSES (2:09-cv-00214-JLO)
010165-11  483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

recoveries in other securities class action settlements. Setting aside the fact that actual provable damages could end up to be a fraction of Plaintiff's preliminary damage analysis had the case moved forward through expert discovery and trial, a study by National Economic Research Associates ("NERA"), an economic consulting firm, states that in 2010, the median percentage of the recovery to investor losses in shareholder class action settlements was 2.4%. Dr. Jordan Milev, Robert Patton, and Svetlana Starykh, *Trends 2010 Year-End Update: Securities Class Action Filings Accelerate in Second Half of 2010; Median Settlement Value at an All Time High*, at 25 (NERA Dec. 2010), attached as Exhibit 1 to the accompanying Declaration of Joy Ann Bull in Support of (1) Approval of Class Action Settlement, (2) Approval of Plan of Allocation of Settlement Proceeds, and (3) Award of Attorneys' Fees and Expenses ("Bull Decl."). The present settlement represents approximately 17.5% of estimated damages, assuming Plaintiff's complete success on all liability and damage theories. When measured against the results in comparable cases, Lead Counsel achieved an excellent recovery for Class Members.

Given the above, there is no doubt that Lead Counsel achieved a superior recovery for Class Members in this case and should be awarded the 25% benchmark fee requested to compensate them for such a favorable result.

### 2. The Risks of Litigation

Numerous cases have recognized that risk is an important factor in determining a fair fee award. *See*, *e.g.*, *WPPSS*, 19 F.3d at 1299-1301. Uncertainty that an ultimate recovery would be obtained is highly relevant in determining risk. *Id.* at 1300. As set forth in the Grant Declaration at paragraphs 79-84, substantial risks and uncertainties (in particular proof of materiality, scienter, and loss causation) were present that made it far from certain that any recovery for the Class would be obtained. While courts have always recognized that securities class actions carry

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND        - 9 -
EXPENSES (2:09-cv-00214-JLQ)
010165-11  483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

significant risks, post-PSLRA rulings make it clear that the risk of no recovery (and hence no fee) has increased exponentially. According to the April 2006 NERA study, dismissal rates have doubled since the PSLRA, accounting for 40.3% of dispositions. *See* Bull Decl., Ex. 2 at 4.

There is no question that, if not settled, Lead Counsel in this case faced the substantial risk of years of litigation with no guarantee of any compensation. Lead Counsel achieved a significant recovery for the Class in the face of this very substantial risk. Under these circumstances the requested fee is fully justified.

### 3. The Skill Required and the Quality of the Work

The successful prosecution of these claims required the participation of highly skilled and specialized attorneys. From the outset, Lead Counsel engaged in a concerted effort to obtain the maximum recovery for the Class. As a result of these efforts, Lead Counsel were able to negotiate a settlement they believe is fair under all the circumstances. Such quality by Lead Counsel should be rewarded. *See, e.g.*, *J.N. Futia Co. v. Phelps Dodge Indus., Inc.*, No. 78 Civ. 4547, 1982 U.S. Dist. LEXIS 15261 (S.D.N.Y. Sept. 17, 1982).

### 4. The Novelty and Difficulty of the Questions Presented

Courts have recognized that the novelty and difficulty of the issues in a case are significant factors to be considered in making a fee award. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1306 (W.D. Wash. 2001). Courts have properly recognized that "securities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). Here, Plaintiff faced the difficult task of persuading a jury that the 2008 mailing list changes were material to an investor's decision to purchase Ambassadors' stock, that Defendant Thomas's July 24,

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND         - 10 -
EXPENSES (2:09-cv-00214-JLQ)
010165-11 483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

2007 statement was made with the requisite scienter, and that the statement was causally connected to the losses of the Class.

### 5. The Contingent Nature of the Fee and the Financial Burden Carried by Lead Counsel

A determination of a fair fee must include consideration of the contingent nature of the fee. It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. *See* Richard Posner, *Economic Analysis of Law* §21.9, at 534-35 (3d ed. 1986). Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose. *WPPSS*, 19 F.3d at 1299. Indeed, the risk of no recovery in securities class actions is very real. *See, e.g.*, *In re BankAtlantic Bancorp., Inc. Sec. Litig.*, No. 07-61542-CIV, 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011) (granting judgment as matter of law for defendants after jury returned verdict for plaintiffs).

Absent this settlement, there was a sizeable risk that Class Members, as well as their counsel, would obtain no recovery. Plaintiff's counsel have risked non-payment of $224,211.21 in expenses and approximately $1.4 million in time worked on this matter, knowing that if their efforts were not successful, no fee would be paid.

### 6. A 25% Fee Award Is Below the Average Fee Awarded in Similar Complex Class Action Litigation

A recent NERA study found that the median award of attorneys' fees as a percentage of the settlement amount for class actions that settled between $5-$10 million between 1996 and 2010 was 30%. *See* Bull Decl., Ex. 1 at 22. This finding is similar to an analysis of fee awards in class actions conducted in 1996 by NERA. Using data from 433 shareholder class action settlements, the study concludes:

660060_1

PLAINTIFF'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF APPLICATION FOR FEES AND EXPENSES (2:09-cv-00214-JLO)
010165-11 483126 V1

- 11 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

"Regardless of case size, fees average approximately 32 percent of the settlement." Denise N. Martin, Vinita M. Juneja, Todd S. Foster, Frederick C. Dunbar, *Recent Trends IV: What Explains Filings and Settlements in Shareholder Class Actions?* (NERA Nov. 1996). Bull Decl., Ex. 3 at 12-13. The benchmark fee requested is less than the average paid in these cases even though the result obtained for the Class exceeds the average in cases of this type. *See* §III.B.1, *supra*.

### 7. The Customary Fee

Courts often look at fees awarded in comparable cases to determine if the fee requested is reasonable. *Vizcaino*, 290 F.3d at 1050 n.4. If this were a non-representative litigation, the customary fee arrangement would be contingent, and in the range of 33-1/3% of the recovery. *Blum*, 465 U.S. at 903* ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers."). The customary contingent fee in the private marketplace is much higher than the percentage fee requested in this case and supports a 25% fee as fair and reasonable.

### 8. Reaction of the Class Supports Approval of the Attorneys' Fees Requested

The Court-approved notice was sent to over 5,000 potential Class Members and the Court-approved summary notice was published in *Investor's Business Daily* and *The Spokesman-Review*. *See* paragraphs 3-12 to the accompanying Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Pendency and Proposed Settlement of Class Action and the Proof of Claim and Release Form, B) Publication of the Summary Notice, and C) Internet Posting. To date, no objections have been received to the attorneys' fees requested.

## IV. THE REQUESTED FEE IS MORE THAN REASONABLE UNDER A LODESTAR CROSS-CHECK

The first step in applying the lodestar cross-check is to determine the dollar value of the proposed percentage fee award. Here, counsel request a fee of

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND         - 12 -
EXPENSES (2:09-cv-00214-JLO)
010165-11 483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

$1,875,000. The next step requires the court to ascertain the lodestar figure by multiplying the number of hours worked by the hourly rate of counsel. The court then can determine an implied multiplier that may be assessed for reasonableness by taking into account the contingent nature and risks of the litigation, the results obtained, and the nature of and quality of the services rendered by plaintiff's counsel. *See, e.g.*, *Hensley*, 461 U.S. 424. Indeed, "'courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases.'" *Vizcaino*, 290 F.3d at 1051 (citation omitted).

The cumulative hours expended by counsel for Plaintiff in this litigation are 3,002.30 and the resulting lodestar for the services performed is $1,393,227.50.[3] Thus, the requested fee represents a modest multiplier of 1.34 of counsel's lodestar.

In other complex litigation, it is common for courts to enhance the lodestar by multipliers between 3.0 and 4.5 and many courts have awarded higher multipliers. *See, e.g.*, *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 399 (S.D.N.Y. 1999) ("'In recent years multipliers of between 3 and 4.5 have been common' in federal securities cases.") (citation omitted); *Vizcaino*, 290 F.3d at 1051 (finding multipliers ranged as high as 19.6, though most run from 1.0 to 4.0); *Keith v. Volpe*, 501 F. Supp. 403, 414 (C.D. Cal. 1980) (multiplier of 3.5). Consequently, the attorneys' fees sought are plainly reasonable using a lodestar cross-check.

## V. PLAINTIFF'S COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED

Plaintiff's counsel have incurred expenses in an aggregate amount of $224,211.21 in prosecuting the litigation. These expenses are set forth in the declarations of counsel, submitted to the Court herewith.

---

[3] *See* the accompanying declarations of counsel for Plaintiff filed herewith.

660060_1

PLAINTIFF'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF APPLICATION FOR FEES AND EXPENSES (2:09-cv-00214-JLQ)
010165-11 483126 V1

- 13 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'") (citation omitted). *See also In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). Therefore, it is proper to reimburse reasonable expenses even though they are greater than taxable costs. *Id.* The categories of expenses for which counsel seek reimbursement are the type of expenses routinely charged to hourly paying clients and, therefore, should be reimbursed out of the common fund.

## VI. CONCLUSION

From the beginning, Plaintiff was faced with determined adversaries represented by experienced counsel. Without any assurance of success, Lead Counsel pursued this litigation to a successful conclusion. Accordingly, we submit that for the reasons set forth above and in the Grant Declaration, the Court should award Lead Counsel attorneys' fees of 25% of the Settlement Fund, plus expenses of $224,211.21.

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND      - 14 -
EXPENSES (2:09-cv-00214-JLQ)
010165-11 483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

| | |
|---|---|
| DATED:  October 27, 2011 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>STEVE W. BERMAN, WSBA #12536<br>KARL P. BARTH, WSBA #22780<br>TYLER S. WEAVER. WSBA #29413<br><br>            s/ Karl P. Barth<br>        KARL P. BARTH<br><br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA  98101<br>Telephone:  206/623-7292<br>206/623-0594 (fax)<br>E-mail: steve@hbsslaw.com<br>E-mail: karlb@hbsslaw.com<br>E-mail: tvler@hbsslaw.com<br><br>Liaison Counsel for Plaintiff<br><br>ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>JOHN K. GRANT<br>MATTHEW S. MELAMED<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  415/288-4545<br>415/288-4534 (fax)<br>E-mail: jgrant@rgrdlaw.com<br>E-mail: mmelamed@rgrdlaw.com<br><br>ROBBINS GELLER RUDMAN<br>     & DOWD LLP<br>JOY ANN BULL<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101-3301<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br><br>Lead Counsel for Plaintiff<br><br>ROBERT M. CHEVERIE<br>   & ASSOCIATES<br>GREGORY CAMPORA<br>Commerce Center One<br>333 E. River Drive, Suite 101<br>East Hartford, CT  06108<br>Telephone:  860/290-9610<br><br>Additional Counsel for Plaintiff |

660060_1

PLAINTIFF'S MEMO OF POINTS
& AUTHORITIES IN SUPPORT OF
APPLICATION FOR FEES AND
EXPENSES (2:09-cv-00214-JLO)
010165-11  483126 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

- 15 -

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mario Alba, Jr.
Robbins Geller Rudman & Dowd LLP
E-mail: malba@rgrdlaw.com

Karl P. Barth, WSBA No. 22780
Hagens Berman Sobol Shapiro LLP
E-mail: Karlb@hbsslaw.com

John K. Grant
Robbins Geller Rudman & Dowd LLP
E-mail: jgrant@rgrdlaw.com

Douglas W. Greene, WSBA No. 22844
Wilson Sonsini Goodrich & Rosati
E-mail: dgreene@wsgr.com

Barry M. Kaplan, WSBA No. 8661
Wilson Sonsini Goodrich & Rosati
E-mail: bkaplan@wsgr.com

Stellman Keehnel, WSBA No. 9309
DLA Piper LLP (US)
E-mail: stellman.keehnel@dlapiper.com

David A. Rosenfeld
Robbins Geller Rudman & Dowd LLP
E-mail: drosenfeld@rgrdlaw.com

Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
E-mail: srudman@rgrdlaw.com

PLAINTIFF'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF APPLICATION FOR FEES AND EXPENSES (2:09-cv-00214-JLO) - 16 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

660060_1
010165-11  483126 V1

| | |
|---|---|
| 1 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | By /s/ Karl P. Barth |
| 3 | Karl P. Barth, WSBA No. 22780 |
| 4 | 1918 8th Avenue, Suite 3300 |
| 5 | Seattle, WA 98101<br>Telephone: (206) 623-7292 |
| 6 | Facsimile: (206) 623-0594<br>E-mail: karl@hbsslaw.com |
| 7 | |
| 8 | Liaison Counsel for Plaintiff |

660060_1

PLAINTIFF'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF APPLICATION FOR FEES AND EXPENSES (2:09-cv-00214-JLO)
010165-11  483126 V1

- 17 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101
Telephone: 206/623-7292 • Fax: 206/623-0594