UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12, PENSION FUND, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>AMBASSADORS GROUP INC., et al.,<br><br>  Defendants. | NO. CV-09-0214-JLQ<br><br>ORDER RE: MOTION FOR ATTORNEY FEES |

BEFORE THE COURT are Plaintiff's Motion for Approval of Class Action Settlement (ECF No. 169) and Plaintiff's Motion for an Award of Attorneys' Fees and Expenses (ECF No. 171), both to be heard by the court on November 30, 2011.

The Motion for Fees and Expenses (ECF No. 171) seeks an award of 25% of the settlement fund, plus expenses of $224,211.21. See Proposed Order at ECF No. 171-1. The proposed settlement fund is $7.5 million. Therefore, an award of 25% equals $1,875,000.00. This, coupled with the requested expense award, totals approximately $2.1 million.

In support of this Motion, counsel indicates that they have spent approximately 3,000 hours on this litigation. See Dec. of J. Bull and Dec. of K. Barth at ECF No. 181 and 182. The law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") seeks compensation for its services at the following rates: 1) for Partners - $565 to 795/hour; 2) for Associates - $330 to 410/hour; and 3) for Paralegals - $265 - 295/hour.

The court recognizes that the Ninth Circuit has stated that, "in common fund cases, the benchmark award is 25 percent of the recovery obtained, with 20-30% as the usual

ORDER - 1

range. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). However, the Circuit also stated that the benchmark was a "starting point for analysis" and "may be inappropriate in some cases." *Id*. at 1048. When awarding fees from a common fund in a class-action settlement, this court "must assume the role of fiduciary for the class plaintiffs." *Id.* at 1052. This court has an obligation to closely scrutinize the fee application, and "[r]ubber stamp approval, even in the absence of objections, is improper." *Id.* A preliminary review of the hourly records in this case leaves the court with the current impression that a vast number of the hours allegedly expended were unnecessary to the orderly prosecution of this case. For example, a review of the hours claimed shows a large number of hours expended on the relatively simple issue of a protective order. Excessive billing in any singular matter causes this court to view with skepticism the claimed expenditure of hours on other matters. In its fiduciary capacity the court has substantial doubts as to the reasonableness of the hours claimed and the charges for those hours. This concern may well cause the November 30, 2011 hearing to be an extended one and may well result in additional hearings on both the attorney fees and claimed expenses. Additional hearings, if necessary, will be set as the court's other matters and schedules permit.

  The court has concerns both as to the total amount of time expended, and the hourly rates. While the court is mindful that this is a securities fraud class-action and that such cases can be complex, the court is also aware that this matter involved an unopposed motion for class certification and did not involve summary judgment motions, two factors which should have decreased the time and expense involved. The factual basis for the claims in this matter was primarily that Ambassadors failed to disclose in a July 24, 2007 corporate status telephone conference the loss of a marketing mailing list that was its main principal source of middle school names and addresses. The fact of that loss was not disputed by Ambassadors although its materiality was. The hourly records of counsel for the Plaintiffs reflect that  little time was required or spent on

ORDER - 2

discovery of that factual issue.

"A district court should calculate the reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits." *Schwarz v. Sec. of Health & Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995). In setting forth the loadstar calculations as a cross-check, Robbins Geller has set forth the rates of attorneys who maintain offices in California and New York, and those rates substantially exceed those customarily charged in the Eastern District of Washington. The Ninth Circuit has repeatedly said that "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "Rates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* at 979. Robbins Geller did work with a relatively more local firm - - Hagens Berman, located in Seattle, and the rates charged by Hagens Berman were considerably less.

Also objectionable are the $265 to 295/hourly rates for paralegals. Recently the District Court for the Northern District of California, which encompasses San Francisco where Robbins Geller maintains an office, reduced requested paralegal fees from $195/hour to $150 finding that $150/hour is "more consistent with the market rate ... for paralegal work in this district." *White v. Coblentz, Patch and Bass*, LLP, 2011 WL 5183854 (N.D. Cal. Oct. 31, 2011) see also *Freeman v. Mukasey*, 2008 WL 1960838 (9th Cir. 2008)(stating that prevailing market rate for paralegals in Portland, Oregon was $110/hour). In calculating the lodestar, Robbins Geller seeks a total of over $250,000 in paralegal fees at these rates of $265 to 295/hour.

The court is also concerned with the $125,935.00 in expenses which is attributed to "investigators." (ECF No. 181, p. 3). The court did not find in the record a more detailed explanation of these expenses, but rather just a conclusory statement that: "The expenses pertaining to this case are reflected in the books and records of this firm. These

ORDER - 3

books and records are prepared from expense vouchers, check records, and other documents and are an accurate record of the expenses." (ECF No. 181, p. 5).

The court also has concerns regarding expenses and fees incurred in association with the mediation. It appears that five people claimed expenses for meals, hotels, and transportation to attend the mediation on April 1, 2011. (ECF No. 181, p. 4). Three attorneys billed between 8 and 10 hours for attendance at the mediation. (ECF No. 181-3). There is also a travel expense entry for "deliver documents to mediation" on March 16, 2011, but the mediation was actually April 1, 2011, and there would not normally be meal or hotel expenses associated with merely delivering documents. The court recognizes that travel expenses of $17,802.53 are a small portion of the $2.1 million in fees and expenses being sought, but a review of the fees and expenses associated with the mediation raise concerns of possible overstaffing and unnecessary expenses for other items.

**IT IS HEREBY ORDERED:**

1. Counsel shall be prepared to address the court's concerns, outlined *supra*, at the hearing on November 30, 2011, at 10:00 a.m. Specifically, without limitation, counsel shall be prepared to address:

a) why Robbins Geller has used its New York and California hourly billing rates in calculating the lodestar, rather than rates based on the forum district;

b) if there is any authority supporting an award of $295/hour for paralegal fees;

c) the travel and investigative expense concerns outlined above;

d) if it was appropriate for Robbins Geller to maintain its billing records based on the quarter-hour, rather than the tenth, see for example *Zucker v. Occidental Petroleum*, 968 F.Supp. 1396, 1403 (C.D. Cal. 1997)("Such a calculation-apparently harmless on its face-will over the course of litigation as complex as this add up to tens of thousands of dollars in unearned legal fees."); and

e) if a fee and expense award exceeding $2 million is reasonable in a matter which

ORDER - 4

did not involve a contested motion for class certification or the filing of summary judgment motions and apparently limited discovery procedures.

2. If counsel wishes to make a supplemental written submission addressing any of these points, such submission shall be made **no later than Wednesday, November 23, 2011, at 10:00 a.m.**

3. At the court hearing on November 30, 2011, the court will have numerous specific questions as to the fees and expenses claimed.

**IT IS SO ORDERED.** The Clerk shall enter this Order and furnish copies to counsel.

Dated this 10th day of November, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5