UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PLUMBERS UNION LOCAL NO. 12,
PENSION FUND, et al.,

          Plaintiffs,

vs.

AMBASSADORS GROUP INC., et al.,

          Defendants.

NO. CV-09-0214-JLQ

ORDER RE: FAIRNESS HEARING

The parties appeared before the court on November 30, 2011, at the time set for hearing on whether the court should approve the proposed settlement as fair, reasonable, and adequate to the class. Appearing for the Plaintiff class were John Grant and Joy Bull, of the law firm now known as Robbins Geller Rudman and Dowd and Karl Barth of Hagens Berman Sobol Shapiro. Claire Loebs Davis of Wilson Sonsini Goodrich and Rosati appeared for Defendants Ambassadors Group, Jeffrey Thomas, and Margaret Thomas. Stellman Keehnel of DLA Piper appeared on behalf of Defendant Chadwick Byrd.

The court inquired as to whether any members of the Plaintiff class were present to speak in support of the proposed settlement. No one was present. The court then inquired as to whether anyone was present to object to the proposed settlement. No one was present. The court then queried class counsel concerning the number of individuals in the class, the average loss per share, the average expected recovery per share, the number of claims received thus far, the average amount of the claim per share, and based upon claims filed to date the gross amount per share that would be distributed per share.

ORDER - 1

The court also inquired as to the alleged total loss, and the percentage of the alleged total loss which the settlement amount represents.

Counsel for Plaintiffs informed the court that approximately 6,000 notices were sent out. Thus far 346 claims have been received, however, the deadline for submitting a claim is not until December 19, 2011, and counsel stated that in their experience the vast majority of claims are received on or about the deadline for submission. Counsel could not identify the total number of members of the class, or the average amount of the 346 claims filed to date. Apparently, none of the 346 claims have yet been processed because the claims administrator does not do so until the filing deadline for claims has expired. The lead Plaintiff, MARTA, has not yet filed its claim. Given the lack of information on these important issues, the court determined that it would be premature to assess the reasonableness and fairness of the proposed settlement at this time. Plaintiffs' counsel stated that additional information concerning the number of claims and the amount of the claims, along with the calculation of the *quaeres* propounded by the court would be available by mid-January 2012.

The court then addressed some of its concerns with class counsel's request for attorney fees and reimbursement for "Disbursements." The court had apprised counsel of its concerns through prior orders (See ECF Nos. 185, 190, and 191), so that counsel would be prepared to address them on November 30, 2011. Discussion with counsel did not alleviate the court's concerns, and although the court reserves ruling on the ultimate determination of a reasonable fee in this matter, the court finds the lodestar submission to be excessive both as to hours billed and hourly rates. This, however, does not preclude the court from awarding an appropriate fee award based upon the court's determination of an appropriate lodestar amount based on the court's finding of reasonable and necessary hours expended and reasonable hourly rates, or based upon a reasonable percentage of the common fund recovered. Plaintiff's counsel were involved in the securities class action case of *In re Infospace, Inc.*, 330 F. Supp. 2d 1203 (W.D.

ORDER - 2

Wash. 2004) in which Judge Thomas Zilly, thoroughly experienced in class action and attorney fee issues as an attorney and federal judge, awarded a fee award to counsel of slightly less than 12 % of the recovery and determined that a reasonable hourly rate for Ms. Bull was $425/hour. Since Ms. Bull's participation in this case did not occur until the parties had agreed to the settlement figure of $7.5 million, a determination of the reasonableness of her claimed hours and hourly rate will be judged based upon that role.

Discussion with counsel at the November 30, 2011 hearing exacerbated the court's concern as to the fee submittals of attorneys from Robbins Geller because of the inaccurate, misleading, or outright false request for reimbursement for "Disbursements." The court will reserve judgment and any further action thereon as to the "Disbursement" and "expenses" issue pending further submittals by counsel and evidentiary hearings, if necessary. In order that there be no question as to the reason for the court's concerns the court will set forth the factual background.

Attorney Joy Bull of Robbins Geller, in a sworn Declaration, listed a number of "Disbursement"(s) by that firm. Ms. Bull averred that the firm had "Disbursements" of $169,905.35 for "Experts/Consultants/Investigators" and as a sub-set thereof $125,935.00 for "In-House...Investigator**s**". (ECF No. 181, p. 3)(emphasis supplied). In response to the court's request for further information in its November 10, 2011 Order (ECF No. 185), counsel provided billing records for a single investigator, a retired law enforcement officer, Mr. Peitler, with a billing rate of $445/hour. (ECF No. 189-1). Attorney John Grant of Robbins Geller then filed a Declaration dated November 22, 2011 (ECF No. 189) where at page 7, ¶ 19, he declared that "Plaintiff incurred $125.935.00 in expenses associated with Plaintiff's investigation," referring to the work of Mr. Peitler. As stated, *infra*, these statements and declarations were subsequently determined to be inaccurate, misleading, or false, a determination that will await further submittals or hearings. The court then raised issues with the rate charged and the time spent by Mr. Peitler in a November 23, 2011 Order (ECF No. 190).

ORDER - 3

At the November 30, 2011, hearing, upon inquiry by the court, the court was advised by Robbins Geller counsel that Mr. Peitler was in fact an actual employee of Robbins Geller and that his hourly rate of pay during the relevant time period was $112/hr.  Thus, the reimbursement amount claimed as a "Disbursement" and an "expense" for Peitler is roughly four times the actual disbursement paid and expense incurred by Robbins Geller. While the court does not endorse it, one could surmise that in its obligation to be forthright with the court and the Plaintiff class, Robbins Geller might have requested to be allowed to include Mr. Peitler in the lodestar calculation at a reasonable market rate for investigative services, but such was not the case. Even if allowed, the court would find the assertion that $445/hour is a reasonable rate for an investigator to be highly doubtful, if not preposterous.  To claim that Robbins Geller disbursed and "incurred" expenses in an amount far exceeding what they actually paid Mr. Peitler is as stated, *supra,* at a minimum, inaccurate. The court's final finding thereon will await further submittals and/or hearings.  To "incur" means "to become liable or subject to," and Robbins Geller has not incurred or paid $125,935.00 of debt to Mr. Peitler nor has it "expended" or "disbursed" such monies that it now seeks to be paid from the common fund. The claim of a "Disbursement" of $125,935 to Mr. Peitler is clearly not accurate or true.

The foregoing claims by Robbins Geller have caused the court to also question other claimed disbursements by Robbins Geller such as the remainder of the $169,903.35 for "Experts/Consultants/Investigators" including "In-House" disbursements of $14,770 for "Forensic Accountants" and $7,171 for "Litigation Support."  It is questionable whether any of these "in house" costs should be treated as recoverable expenses. See <u>In re CV Therapeutics</u>, 2007 WL 1033478 (N.D. Cal. 2007) ("The Court also deducts $42,980.51 in costs associated with in-house consultants/investigators. Plaintiffs have described these costs as the amounts paid to "economic analysts," "investigators," and "information technology." The Court finds

ORDER - 4

these costs should be considered part of the firm's overhead expenses because these consultants and investigators are employees of the firm."). Ms. Bull was the attorney making such claims in *CV Therapeutics*. Additionally questionable is the expense of $15,267.35 for Lexis, Westlaw, and on-line research. The court would assume that a firm the size of Robbins Geller had a 'bulk-rate' package with on-line legal research companies and does not incur additional expenses for each search. However, if Robbins Geller did incur additional, identifiable, expenses associated with this case, it shall provide the documentary support for such. The court is not inclined to view standard on-line legal research as a recoverable expense, and Paragraph 9 (d) of the Bull Declaration (ECF 181) is too vague to allay the court's concerns. See *In re Lattice Semiconductor Corp.*, 2007 WL 2815443 (D.Or. 2007) ("The request for $7,070.85 for online research is denied for two reasons. First, the court considers online research to be included as firm overhead in the percentage fee already awarded; second, counsel has provided no documentation from which the court could determine the reasonableness of the amount incurred under the circumstances of this case.")  **A further declaration or declarations shall be filed no later than December 30, 2011 as to the claimed disbursements including documentary support of sums actually paid for the claimed "Disbursements."**

At the November 30, 2011 hearing and prior thereto, the court expressed its concerns over the lodestar claim of some $132,000 for preparing and filing the Complaint and Amended Complaint. Because of the obvious concerns of the court as to whether counsel have been forthright with the court in all matters, the court has further reviewed the lodestar claims. The court is troubled by a lodestar claim of $243,443.75 for "Settlement Negotiations, Stipulation, Plan of Allocation" (ECF 181-3), particularly the approximately $140,000 in attorney fees incurred after the mediation of this matter on April 1, 2011 where the parties shortly thereafter had agreed upon a settlement figure of $7.5 million. Such concerns shall be addressed by counsel.

ORDER - 5

**IT IS HEREBY ORDERED:**

1. Attorneys Joy Bull and John Grant, and others if needed, shall file an amended declaration concerning their request for reimbursement of all "Disbursements" and "expenses" which accurately reflects the amounts actually paid by Robbins Geller to the persons or firms listed at page 3 of Ms. Bull's October 26, 2011 sworn Declaration. (ECF No. 181). The amended declaration **shall be filed by December 30, 2011**. These Declarations shall also address the court's concerns over the lodestar amounts claimed for preparation and filing of the Complaint and Amended Complaint and the preparation of settlement documents after the agreed upon settlement figure.

2. Plaintiffs' counsel shall provide additional information concerning the number of claims, total dollar amount of claims, average share recovery per claim, dollar amount per share proposed for allocation based upon filed claims, and the total dollar and per share MARTA distribution based on the claims filed as soon as reasonably practicable after the claims are received and processed after December 19, 2011. In calculating the amount of the claims, the parties may utilize the proposed plan of allocation. This information shall be provided to the court, or a status report provided if the claims are not yet processed, **no later than January 30, 2012**.

3. After this additional information is provided, the court in its fiduciary capacity to the members of the class and its supervisory role and obligations as to attorney conduct, will determine whether an additional hearing or action is necessary or required, and set the date thereof.

**IT IS SO ORDERED.** The Clerk shall enter this Order and furnish copies to counsel.

Dated this 7th day of December, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6