UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PLUMBERS UNION LOCAL No. 12, PENSION FUND, Individually and On Behalf of All Others Similarity Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>AMBASSADORS GROUP, INC., et al<br><br>                Defendants. | NO. CV-09-214-JLQ<br><br>CLASS ACTION<br><br>INTERIM MEMORANDUM BY THE COURT |

Before the court, *inter alia,* is the Motion For Award of Attorneys' Fees and Expenses, ECF No. 171, filed by the law firm of Robbins Geller Rudman and Dowd, and in particular by attorneys John Grant and Joy Bull, *Esq*., members of that firm. As stated, *infra,* since the reimbursements for "Disbursements" and "Expenses" and the payment of reasonable attorney fees will come from the pockets of the members of the class who suffered the monetary damage, the court sits in a fiduciary capacity representing the interests of the class members in making such determinations.

**A. CLAIM FOR "DISBURSEMENTS" and "EXPENSES"**

The history of the court's concern over the number of hours billed by the Robbins firm and in particular, the representation to the court that the Robbins firm was seeking "reimbursement" for "Disbursements" and "Expenses" allegedly made by the Robbins firm in the prosecution of this action is well-documented in this court's Order Re: Fairness Hearing dated December 7, 2011 and the transcript of the Fairness Hearing held on November 30, 2011. (See transcript at ECF No. 194).

ORDER - 1

**1. Alleged Investigator Expenses**

The October 26, 2011 Declaration of Joy Bull @ p. 3, ECF No. 181, and the Declaration of John K. Grant dated November 22, 2011 and Attachment "A" thereto state, in part that "Plaintiff incurred $ 125,935.00 in expenses associated with Plaintiff's investigation. The investigation was conducted by Steven J. Peitler." Exhibit "A" to Mr. Grant's Declaration lists Mr. Peitler's alleged hours and alleged "expenses" at $445/hour for a total of $125,935 for this retired police officer. Ms. Bull's Declaration in support of the Robbins firm's claim of "Expenses" and "Disbursements" to Mr. Peitler states: "The expenses pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers, check records, and other documents and are an accurate record of the expenses." ECF No. 181 at page 3. As admitted by Ms. Bull and Mr. Grant at the November 30, 2011 "fairness" hearing before the undersigned, Mr. Peitler was not, in fact, paid these alleged "Disbursements" and "Expenses."

Ms. Bull and Mr. Grant now concede and state that Mr. Peitler was paid $31,710.15, not the claimed $125,035, for his work on this case, approximately 1/4th the amount claimed in the original Declarations of the attorneys. Counsel stated at the November 30, 2011 hearing that Mr. Peitler is paid a salary of $112/hour for the "40 or 50" hours he allegedly works each week. For a 40 hour week this would amount to $4480/ week or an annual salary of $232,960.00 for a retired police officer. (See pages 46-51 of the transcript of the November 30, 2011 Fairness Hearing. ECF No.194). Instead of actual "Disbursements" and "Expenses" of $223,095.46 as originally claimed by Ms. Bull and Mr. Grant, the now claimed February 21, 2012 "Disbursements" by the Robbins firm total $114,137.21, as set forth in the Supplemental Declaration of Joy Ann Bull dated December 30, 2011. ECF No. 196. This Declaration was filed pursuant to the direction of the court at the November 30, 2011 Fairness Hearing and that direction was repeated in the court's December 7, 2011 Order. The Declaration of Ms. Bull further

ORDER - 2

establishes that other items listed in the previously claimed "Disbursements" and "Expenses" were overstated.

### 2. Other Claimed Expenses

Further review of the claimed "Expenses" and "Disbursements" by the Robbins firm in this case have raised additional questions as to the reasonableness and appropriateness of other expenditures which the Robbins firm proposes to have the members of the class pay for. Included is a dinner for four (4) persons on the night before the mediation in Newport Beach. The Robbins firm unblushingly seeks to be paid for a dinner for four that included two (2) bottles of $72 per bottle wine and a $60 waiter tip included in the $402.00 bill. *Quaere:* Should members of the class, who suffered the monetary loss, be required to pay for such an evening? Are such expenses "reasonable and necessary?" See ECF No.196-6 @ pps. 92 & 93.

Another seemingly excessive expenditure is a charge for a one night hotel room in Spokane, Washington. While a one evening room in a good Spokane hotel may cost approximately $100, is it reasonable to have the class members pay $ 285 for one night's lodging for an attorney, including a $50 late checkout fee? Other apparently excessive hotel fees include individual rooms for three persons at the Newport Beach mediation at $359, $371, and $398/night each. See pps.354-358 of ECF No. 196-6.

The airfares that the Robbins firm allegedly incurred include a seemingly excessive charge of $1,676 for a round trip ticket from New York to Spokane for the investigator Peitler. See p. 364 of ECF No. 196-6. Also included in the amounts requested from the shareholder's recovery is an apparently excessive charge of $2,169 for air transportation from New York to San Diego for Darren Robbins. ECF No. 196-6 at 399.

In the list of "expenses" included in the Supplemental Declaration of Joy Bull, (ECF No. 196) there is an expense of $15,025 for "Mediation." In looking at the supporting documents at ECF No. 196-7, page 614, it appears that the mediator's charge was to be equally divided between the Plaintiffs and the Defendants. This was a one day

ORDER - 3

mediation and surely the mediator's fee could not have been some $30,000.

While some, and certainly those making expense claims as herein, may scoff at what they may consider "nit-picking," the court, in its fiduciary capacity, is required to view these matters in that capacity and this court has done so. As this court stated at the November 30, 2011 hearing, the inaccurate or false statements of "Disbursements" and "Expenses" are at a "minimum inept and at a maximum smacks of fraud." This court has a responsibility to take appropriate action when it discerns a violation of the obligation of attorneys to be forthright with the court or when it appears counsel have attempted to mislead the court and/or its clients. Of concern is that in prior proceedings in the Northern District of California, Judge Susan Illston, an experienced attorney and judge in matters such as these, found that statements made to the court by Ms. Bull in a claim for reimbursement of alleged expenses in a class action were "misleading." *In re CV THERAPEUTICS, INC., SECURITIES LITIGATION*, 2007 WL 1033478 (N.D. Cal. 2007).

**B. CLAIM FOR ATTORNEY FEES**

The representations or misrepresentations of "Disbursements" and "Expenses" by Ms. Bull and Mr. Grant and their law firm in the matter *sub judice* have also caused the court to view with some skepticism the attorney fee claims of the Robbins firm, including those claims of the hours allegedly and reasonably expended in this matter and the reasonableness of the hourly rates claimed. The possible misrepresentations of the Robbins attorneys are in direct contradiction to the resume of the law firm of Robbins Geller Rudman & Dowd, ECF No. 181-1, wherein it states that "The Firm is committed to practicing law with the highest level of integrity and in an ethical and professional manner." One would expect that the prior experiences of this law firm and its attorneys, when known under its former names of Millberg Weiss, et al and Lerach, Coughlin, Stoia, et al, including Mr. Robbins as a name partner, would dictate that members of the firm would conduct themselves in representations to the court, with its avowed "highest

ORDER - 4

level of integrity."

As previously stated and as recognized by this and other courts, in determining the amount of attorneys fees and expenses to be paid to attorneys prosecuting a class action, this court sits in a fiduciary capacity representing the interests of the members of the class whose entitlements will be used to make the payments to the attorneys. *Viscaino v. Microsoft Corp.*, 290 F. 3d 1043, 1052 (9th Cir. 2002). Throughout these proceedings the court has also raised the issues of both the reasonableness of hours claimed by the attorneys and the reasonableness of the hourly rates claimed. Because of the nature and extent of the claims by the law firm, the process for approval of attorney fees being essentially nonadversarial, upon discovery of possible misrepresentations the court has been required to spend an inordinate amount of time reviewing all of the claims, both for attorney fees and for "Expenses" and "Disbursements," as claimed in the Declarations. ECF No. 181, page 3.

**1. Claimed Hours Expended**

The court has previously expressed its concerns as to the claim of $52,257 attorney fees for the preparation of the Amended Complaint. ECF No. 190 at ¶5. Counsel has responded that the Amended Complaint billings actually involved additional work. The court observes that this matter was settled prior to the taking of a single deposition by counsel for the class.

The court is also concerned with the claim for Ms. Bull's attorney fees in the amount of $96,525.00. Ms. Bull was not involved in this litigation until after it had settled and the parties had agreed upon a settlement payment of $7.5 million. Ms. Bull was only involved in the preparation of the final settlement papers. While the court recognizes that the content of a class action settlement agreement and notices to the class can be somewhat complex, the expenditure of 135 hours of attorney fee time thereon seems unreasonable.

ORDER - 5

**2. Hourly Rates**

The Robbins firm seeks payment for paralegals at the rates of $265 to $295 per hour. The court has previously cited counsel to the finding of the Northern District of California in *White v. Coblentz, et al*, 2011 WL 5183854 (N.D. Cal. 2011 that $150/hour is a reasonable hour rate for paralegal work in that district.  The District of Oregon has recently set the paralegal rate at $110/hour. ECF No. 185, p. 3.  Having in mind that the attorney fee and other rates are those applicable in the District in which the action is pending, the court exercises it discretion and adopts the rate of $150/hour for the paralegal work performed in this matter.

Generally, when determining a reasonable hourly rate the relevant community is the forum in which the district court sits. *Camacho v. Bridgeport Financial, Inc*., 523 F. 3d  973, 979 (9th Cir. 2008).  Counsel have cited alleged hourly rates charged by Seattle, Washington law firms of comparable experience.  The court takes judicial notice of the fact that the hourly rates for attorneys in the Western District of Washington are traditionally higher than those in this Eastern District of Washington. The court has previously commented on the fact that Judge Thomas Zilly, a very experienced attorney and federal judge in class action matters,  set a reasonable hourly rate for attorney Bull in an action pending in the Western District in 2004 at $425/hour.

In the Eastern District of Washington, Judge Edward Shea of this court recently set a reasonably hourly rate of $320/hour for attorney Matt Anderson of the Winston Cashatt firm of Spokane, Washington.   Mr. Anderson is a highly regarded and experienced attorney and litigator with extensive experience in complex federal court matters.  He is an elected  member of the American College of Trial Lawyers and has been appointed by the judges of this district to be a Lawyer Representative to the Ninth Circuit Judicial Conference. *Riverstone Center v. Barnes & Noble*, E. D. Wa. CV-08-0395-EFS, ECF No. 162. The court also notes that in that case, Judge Shea set the reasonable hourly rate for paralegals in this district at $90/hour.

ORDER - 6

## C. INDEPENDENT COUNSEL

All of the foregoing and the extensive time expended by the court and its staff as required of it in its fiduciary capacity and by the claims of the Robbins firm have caused the court to reflect upon the fact that in class action attorney fee and "Disbursements" and "Expenses" determinations as have been presented in this matter, it may be appropriate for the court to separately appoint independent counsel to represent the class members whose recoveries are utilized to pay the attorney fees and "Disbursements" and "Expenses." Whether such action is required and appropriate in this pending matter will await the further Order of the court.

## D. THE ROLE OF ASSOCIATE ATTORNEY

The court recognizes that the Seattle law firm of Hagens Berman, and Mr. Karl Barth of that firm, have had a limited role as the "associate attorney" for the Plaintiff class. These "associate attorneys", pursuant to Local Rule 83.2(c) of this court, have signed all pleadings and the pleadings referenced herein bear the heading of the Hagens Berman firm. The signature of the "associate attorney" represents to the court that the pleading and the claims therein are factually and legally warranted. While the court does not contemplate the imposition of sanctions against the Hagens Berman firm or Mr. Barth, those attorneys are cautioned as to consequences of misleading filings such as those by the Robbins firm, signed by Mr. Barth and the Hagens Berman firm, including possible damage to their reputations.

## E. SANCTIONS OR OTHER ACTION

If conduct of the type referenced, *supra,* is found, the court must consider imposing appropriate sanctions, including at a minimum a written admonition. When violations of the Rules of Professional Conduct are found and where it involves *prima facie* evidence of attempts to mislead the court, this court's Local Rule 83.3(b) directs a judge of this court to initiate disciplinary proceedings. In its thirty-two (32) years of experience on the federal bench, this court has not previously initiated such disciplinary action. However,

ORDER - 7

Mr. Grant and Ms. Bull, and the Robbins firm, are advised that the court is considering either or both of the foregoing actions.  Prior to any such action, the court will afford the attorneys the opportunity to respond  both in writing and in further appearances in person before the court.

Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

1.  Attorneys Joy Bull and John Grant and the Robbins firm shall respond in writing to the matters referenced by the court in this Memorandum on or before March 19, 2012.

2.  Attorney Karl Barth of Hagens Berman may also respond  to the concern of the court as to their role as "associate attorney" on or before March 19, 2012.

3.  Upon receipt of the responses from counsel, the court will determine its future actions, including requiring counsel to appear before the court in person at a future date to be set by the court.

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 28st day of February, 2012.

s/ Justin L. Quackenbush  
JUSTIN L. QUACKENBUSH  
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8