# EXHIBIT A

THE HONORABLE JUSTIN L. QUACKENBUSH

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN, WSBA #12536
KARL P. BARTH, WSBA #22780
TYLER S. WEAVER, WSBA #29413
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)

Liaison Counsel

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT SPOKANE

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMBASSADORS GROUP INC., et al.,<br><br>Defendants. | No. 2:09-cv-00214-JLQ<br><br>CLASS ACTION<br><br>DECLARATION OF JOY ANN BULL IN RESPONSE TO INTERIM MEMORANDUM DATED FEBRUARY 28, 2012 |

693368_1

DECLARATION OF JOY ANN BULL IN RESPONSE TO INTERIM MEMORANDUM 02/28/12 (2:09-cv-00214-JLQ))

6

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

I, JOY ANN BULL, declare as follows:

1. I am a member of the firm of Robbins Geller Rudman & Dowd LLP. I submit this Declaration pursuant to the Court's February 28, 2012 Order.

2. **Hours Worked**: The Court has stated its concerns about the number of hours I worked on the settlement of this matter. I have reviewed all of my time entries and all but one entry is accurate. During the workday my practice is to make notes about time spent on post-it notes and handwrite them onto the form provided by the firm at the end of each day. The data from those forms is then entered into our computer system. I receive my time entries following the end of each month for review. For the reason explained below, I did not review my time for accuracy at the end of May 2011. In reviewing my time now, I see that there is an entry for one hour on May 23, 2011. That entry is likely an error as I do not recall working at all on that date. The entry likely belongs on a different day, but at this point I cannot determine the appropriate day. Therefore, that time should be eliminated from my submission. I apologize for not noticing this error earlier.

3. The amount of time I worked on this case might be explained by events taking place in my personal life during the time period I documented the settlement. Beginning in 2010 and continuing in 2011, I carried a reduced workload as my husband of 43 years was in and out of the hospital continually fighting and ultimately losing his 6 year battle with lymphoma. In April 2011, when I started working on this case, my husband was undergoing treatment 3 times a week, continually seeing various specialists and was in and out of the hospital 3 or 4 times in April and May. He passed away on May 23, 2011. I continued to work on this case to complete the settlement documentation, obtain entry of the notice order, and submit final approval papers. In retrospect, I am sure I was distracted and not at my best. Under different circumstances, I would likely have completed my work more efficiently.

693368_1

DECLARATION OF JOY ANN BULL IN RESPONSE TO INTERIM MEMORANDUM DATED 02/28/12 (2:09-cv-00214-JLQ)

- 1 -

7

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

4. **Expenses**: I made several oversights in my October 26, 2011 Declaration (ECF 181).

5. First, my firm's current standard form for expense declarations says "Expense Category" where ECF 181 at p.3 said "Disbursement." I did not notice this discrepancy until the Court pointed it out at the November 30, 2011 hearing. Compounding that mistake was my failure to add a notation that in-house consultants/investigators were included at their market rates versus their actual compensation.

6. Second, I did not notice that "Forensic Accountants" was listed under in-house expenses instead of the correct entry of "Economic Damage Analysts." The initial entry should have read "Economic Damage Analysts at the market rate of $14,770." I discovered this mistake when I asked payroll personnel to provide me with the actual compensation for each individual covered by in-house consultants/investigators. I addressed the category entry in my Supplemental Declaration (ECF 196).

7. In my Supplemental Declaration (ECF 196), I reduced the amount of expenses for in-house personnel (as requested by the Court at the November 30, 2011 hearing) from their market rates to my best calculation of actual compensation they receive. No other expenses were changed or reduced. The result was a reduction from $223,095.46 to $114,137.21 in expenses.

8. Finally, while mistakes were made, I did not intend to mislead the Court in any way.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of March, 2012, at San Diego, California.

JOY ANN BULL

DECLARATION OF JOY ANN BULL IN RESPONSE TO INTERIM MEMORANDUM DATED 02/28/12 (2:09-cv-00214-JLQ)

- 2 -

8

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

693368_1