UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND, et al,<br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>AMBASSADORS GROUP, INC., et al,<br>　　　　　　　　Defendants. | No. CV-09-0214-JLQ<br><br>MEMORANDUM RE:<br>ATTORNEY FEE LODESTAR<br>CALCULATIONS and REQUESTED<br>"EXPENSE and DISBURSEMENTS"<br>REIMBURSEMENTS |

　　　　The Motion For Approval of Class Action Settlement and the commensurate pleadings requesting the court's determination of reasonable attorney fees along with the request for payment to the Plaintiffs' law firm of Robbins Geller Rudman & Dowd of "Expenses" and "Disbursements" were initially filed in October and November, 2011. A hearing on those motions and the proposed class action settlement was held by the court on November 30, 2011.

　　　　In making the determination as to the fairness of a proposed class action settlement and in determining compensation to counsel, the court sits in a fiduciary role as to the interests of the members of the Plaintiff class. *Vizcaino v. Microsoft*, 290 F. 3d 1043, 1052 (9th Cir. 2002). Attorneys for members of a Plaintiff class also serve in an attorney/client fiduciary capacity with those members who are the ones who suffered the monetary losses by reason of the alleged wrongdoing by the Defendants. Attorneys are obligated by their oaths, the Rules of Professional Conduct, the Federal Rules of Civil Procedure, and the Rules of this court to deal with their clients and the court with candor, honesty, and forthrightness.

　　　　This court's fiduciary role has caused the court to look closely at the alleged hours and rates in the claimed lodestar of the Robbins firm. In addition, the concerns of the court as to requested reimbursement to the Robbins firm for alleged "Expenses" and

ORDER - 1

"Disbursements" are of record together with the responses of the involved attorneys.

## I. Claimed Hours Expanded

The court has determined that a portion of the claimed expenditure of attorney time by Plaintiffs' counsel as set forth in the lodestar submittals has not been justified as necessary and reasonable. The court has questioned the amount of time claimed by attorney John Grant in the preparation of the Amended Complaint. The court determines that a maximum attorney time of 40 hours was justified for that task. In addition, the court has questioned the expenditure of some 135 hours by attorney Joy Bull in the completion of settlement documents after the settlement figure was agreed upon . Ms. Bull was not involved in this litigation until after the settlement figure had been agreed upon. The court finds that not more than 95 hours of attorney time should have been involved in the preparation and completion of the settlement documents and pleadings, rather than the 135 hours of claimed time by Ms. Bull.

## II. The Hourly Rates

The prior pleadings and court Memoranda in this matter have discussed the rule that usually, the reasonable attorney hourly rates in the district of the litigation should be utilized, although in exceptional cases, national rates may be considered. *Schwarz v. Sec. of Health*, 73 F. 3d 895, 906 (9th Cir. 1995). Utilizing those guides, for the reasons previously stated by this court, the court determines that the maximum hourly rates for the law firm's personnel in this case, considering the nature and relatively limited extent of this litigation compared to other class actions are as follows:

   a. Partners: $500/hour
   b. Associates: $300/hour
   c. Paralegals: $150/hour

The court has determined that claims for time spent for the work of docket clerk is not appropriately considered in setting the lodestar for attorney compensation. Such fees are part of a law firm's normal overhead and should not be included in the lodestar calculation.

ORDER - 2

Counsel for the Plaintiffs shall file a new lodestar computation which incorporates the foregoing rulings by the court. The court will consider the revised lodestar amount and reasonable percentage suggestions in determining the reasonable fee to be awarded to the Robbins firm.

### III. "Expenses and Disbursements"

On October 27, 2011, attorneys Joy Bull and John K. Grant, partners of and on behalf of the law firm of Robbins Geller Rudman & Dowd, filed Declarations "under the penalty of perjury." Mr. Grant's Declaration (ECF No. 178), at ¶ 23, page 7, stated in part that "Plaintiff's counsel have incurred expenses of $224,211.21." Ms. Bull's Declaration "under perjury" stated at ¶ 8, page 3: "My firm incurred a total of $223,095.46 in expenses in connection with the prosecution of this action." Ms. Bull's Declaration then listed "**EXPENSES**" and **"DISBURSEMENT."** Included under "**DISBURSEMENTS**" was "Investigators" in the amount of $125,935. This seemingly large expenditure caused the court to make pre-hearing inquiries in writing and was also the basis for oral inquiry at the November 30, 2011 hearing. This led to a finding by the court that the statements of "Expenses" and "Disbursements" in the Declarations of attorneys Grant and Bull were not true statements of monies paid to the listed "Experts/Consultants/Investigators."

At the November 30, 2011 in-court hearing Ms. Bull informed the court that usually trial judges do not inquire as to claimed expenses and disbursements in class action settlements. That statement is belied by this and other court's duties, examinations, and rulings. The claims of Ms. Bull for alleged travel, experts, consultants, and investigators in similar circumstances were previously rejected in 2007 by Judge Aiken of the District of Oregon in *In re Lattice Semiconductor*, 2007 WL 2815443 (D. Or. 2007). As to claimed travel expenses, Judge Aiken rejected claimed travel expenses "in the absence of documentation demonstrating the reasonableness of these travel expenses, or an explanation why lawyers travel expenses should not be considered firm overhead

ORDER - 3

already compensated by the 25% attorney fee award, the travel reimbursement is disallowed." *Id.* at \*3. As to the claims for reimbursement for experts, consultants, and investigators, Judge Aiken ruled:

> The request for $73,905.50 for experts, consultants, and investigators is denied. Counsel has provided no information from which the court can evaluate the reasonableness of this request. In the absence of documentation about how many hours were expended and by whom, how those hours were spent, hourly rates, results obtained, and the use in this case, the court is unable to determine what portion of this large expense is reasonable under the circumstances. *Id.*

For this court's inquiry as to alleged disbursements, and request for "reimbursement" herein I make no apology as the facts in this case establish, to my dismay after 32 years on the federal bench, that the misleading expense and disbursement claims by Ms. Bull in this and other cases require specific scrutiny by the court.

Upon this court's determination that the "**EXPENSES**" and "**DISBURSEMENT**" claims were incorrect the court required the claiming attorneys to file a new statement as to monies actually disbursed by that firm in support of this action. That filing, ECF No. 196, established that the monies actually paid and disbursed as expenses in this action totaled $114,137.21, rather than the $223,095.46 originally claimed in Ms. Bull's Declaration and incorporated in Mr. Grant's Declaration.

Because of the validated concerns of the court as to the accuracy of the claims of the law firm and its attorneys, the court and its staff spent additional time reviewing some of the other claimed "**DISBURSEMENTS**" such as "Meals, Hotel & Transportation" in the amount of $17,802.53. Included in that expense category was a pre-mediation dinner for four totaling $402, including two bottles of $70/bottle wine and a $60 tip. Name partners Darren J. Robbins and Michael J. Dowd, in their March 19, 2012 Submission (ECF No. 207-3), have acknowledged the inappropriateness of such a claim as an expense to be paid by the clients and it shall be deleted.

The court also questioned the reasonableness of the charge on November 3, 2009 for the investigator Peitler to fly from New York to Spokane and return at an airline

ORDER - 4

charge of $1,676.40, obviously a first class ticket. The court also questioned the reasonableness of the claim for reimbursement of Mr. Robbins' air fare of $2,169 to fly from New York to Los Angles and return to attend the mediation, again, obviously a first class ticket. From personal experience the court knows that an attorney or judge can accomplish his or her work requirements while flying in the coach section of an aircraft. While Mr. Robbins and other members of his firm may choose to fly in the first class section, it is not appropriate for the persons who suffered the securities losses to pay for first class transportation. The current charges for a two week in advance round trip ticket from New York to Los Angeles is $356 and from New York to Spokane and return is $401. The travel expenses shall be reduced to those expense rather than the $2,169 actually expended for Mr. Robbins and the $1,676.40 for Mr. Peitler.

While this court has not previously questioned the alleged disbursement of $3,172.76 for "Litigation Support," the nature and reasonableness of that expenditure needs to be addressed and supported.

### IV. Sanctions

In this court's Interim Memorandum (ECF No. 198) filed on February 28, 2012, the court advised counsel that it was considering the imposition of sanctions by reason of the intentionally misleading and inaccurate claims for monies for "Expenses" and Disbursements" filed by Mr. Grant and Ms. Bull and their law firm. In response to that notice, Ms. Bull and Mr. Grant and the Robbins law firm have acknowledged that "mistakes were made" in the submittals for reimbursement. The court is unable to find that these "mistakes" were inadvertent or mere oversights. The court recognizes the emotional difficulty a spouse goes through during an illness and death of a family member, but such circumstances cannot excuse the conduct of counsel herein. The claims of "Disbursements" were not accurate and those claims were not the result of inadvertent mistakes. They were, at a minimum, made with a reckless disregard for their accuracy or even intentionally false. In its Interim Memorandum the court, at page 4, referred to the

ORDER - 5

fact that in a prior proceeding in the Northern District of California, Judge Susan Illston found that statements made to the court by Ms. Bull for reimbursement of alleged expenses in a class action were "misleading." *In re CV Therapeutics, Inc. Securities Litigation*, 2007 WL 1033478 (N.D. Cal. 2007). Neither Ms. Bull nor the law firm has responded to the concern of the court that a pattern of conduct in such matters may exist, at least in two instances.

Mr. Grant, Ms. Bull and the law firm of Robbins Geller Rudman & Dowd are formally notified that the court intends to sanction them by, at a minimum, a formal admonition, or at a maximum, a formal written Reproval. Mr. Grant, Ms. Bull and the law firm are advised that if they wish to contest any of the underlying findings of the court or its proposed sanctions, they may do so on or before June 15, 2012, in which event the court will initiate a formal disciplinary complaint and hearing thereafter will take place in accordance with the Rules of this court.

### V.  Future Hearings

The conclusion of this matter has been inordinately delayed by reason of the foregoing. The time required on the attorney fee and reimbursement issues has inappropriately delayed the distribution of funds to the members of the class. The court does not intend to allow the inappropriate claims of the attorneys to continue to delay that distribution. Nothing that has taken place in this matter has changed this court's opinion that class actions are appropriate to enable individual persons to present their relatively small claims against larger entities with seemingly unlimited funds which may inhibit or prevent individual persons without sufficient assets to pursue valid claims. This court also finds that the actual prosecution of this action by the Robbins firm and its attorneys has been appropriate and has resulted in a fair and reasonable settlement. The court further finds that despite the inaccurate reimbursement claims, the Robbins firm shall be entitled to a reasonable attorney fee and actual and reasonable expense reimbursement.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

ORDER - 6

1. Counsel for the Plaintiffs shall resubmit by June 15, 2012 the lodestar computations utilizing the guidance provided herein and the deletions for hours previously claimed inaccurately.

2. Counsel for the Plaintiffs shall resubmit by June 15, 2012 the claim for actual Disbursements with deletions herein specified by the court.

3. The Robbins firm, Ms. Bull and Mr. Grant shall advise the court on or before June 15, 2012 as to whether they desire to have the matter of sanctions herein resolved formally through the disciplinary Rules of this court.

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 25th day of May, 2012.

>                s/ Justin L. Quackenbush
>             JUSTIN L. QUACKENBUSH
>     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7