1

2

3                    UNITED STATES DISTRICT COURT

4                   EASTERN DISTRICT OF WASHINGTON

5

6  PLUMBERS UNION LOCAL NO. 12,        )
   PENSION FUND, et al.,               )
7                                      )   NO. CV-09-0214-JLQ
                        Plaintiffs,    )
8                                      )   ORDER APPROVING
                                       )   SETTLEMENT; RETENTION OF
9            vs.                       )   JURISDICTION AS TO SANCTIONS
                                       )
10 AMBASSADORS GROUP INC., et al.,     )
                                       )
11                      Defendants.    )
12 _____ )

13        BEFORE THE COURT are Plaintiffs' Motion for Approval of Class Action

14 Settlement (ECF No. 169), Motion for Approval of Plan of Allocation (ECF No. 170),

15 and Motion for an Award of Attorneys' Fees and Expenses (ECF No. 171).  The Motions

16 were heard by the court at the November 30, 2011 fairness hearing ("Fairness Hearing").

17   **I.  <u>Procedural Background to Settlement Approval</u>**

18        Since the Fairness Hearing, the court has issued several orders and class counsel

19 have made numerous submissions, primarily pertaining to the issue of attorneys' fees and

20 claimed expenses. Additionally, on January 17, 2012, Plaintiffs submitted a supplemental

21 declaration concerning the number of claims received. (ECF No. 197).  The court has also

22 issued an Interim Memorandum dated February 28, 2012 (ECF No 217) and a

23 Memorandum dated May 25, 2012 (ECF No. 217) advising attorneys Bull and Grant and

24 the Robbins law firm of its intent to impose appropriate sanctions and/or disciplinary

25 action by reason of the misrepresentations as to "Expenses" and "Disbursements" in this

26 matter.  The court has been contacted by counsel for Ms. Bull,  Mr. Grant, and the

27 Robbins firm with a request that the sanction and/or disciplinary matter be deferred

28 ORDER - 1

1    pending consultation by these attorneys with their clients.  The court granted those

2    requests. The court desires to have that matter concluded on a reasonably prompt basis.

3    The court retains jurisdiction over the sanction/disciplinary matter after the entry of this

4    Order, but in an effort to avoid further delay in the distribution of funds to the Plaintiff

5    class members, the court is entering this Order prior to the final determination of the

6    discipline or sanction.  That matter will be subsequently heard by the court.

7         Fed.R.Civ.P. 23(e) provides that the claims of a certified class may be settled or

8    compromised only with the court's approval.  The court may approve the settlement only

9    after a hearing and determination that it is fair, reasonable, and adequate.

10         The court previously found, in its Order of September 6, 2011, that the proposed

11    settlement fell "within the range of possible approval by the court, subject to any

12    objections thereto and final hearing thereon." (ECF No. 167).  The court previously

13    revised and approved the Notice of Pendency and Proposed Settlement of Class Action,

14    the Proof of Claim and Release form, and the Summary Notice, and determined that such

15    notice was the best notice practicable under the circumstances. (ECF No. 167, ¶ 3).

16         The court conducted the Fairness Hearing.  No objections to the proposed

17    settlement were filed prior to the Fairness Hearing, nor have any been filed since the

18    Fairness Hearing.  At the Fairness Hearing the court inquired as to whether anyone was

19    present to object to the proposed settlement.  No one was present.  The court also

20    discussed with counsel the proposed plan of allocation, and gave preliminary approval

21    to the proposed plan of allocation. See Order, ECF No. 193, p. 6 ("In calculating the

22    amount of the claims, the parties may utilize the proposed plan of allocation.").

23    **II.  Plan of Allocation**

24         The proposed plan of allocation is set forth in the Memorandum in Support of the

25    plan of allocation. (ECF No. 176).  The court now finds that due and adequate notice was

26    directed to all persons who are class members advising them of the proposed plan and of

27    their right to object.  Full and fair opportunity to be heard was afforded.  The court finds

28    ORDER - 2

that the formula for the calculation of claims as set forth in the Memorandum provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund, with due consideration to administrative convenience and necessity.  The court finds the proposed plan of allocation is fair and reasonable.  The Motion for Approval of Plan of Allocation (ECF No. 170) is **GRANTED**.

### III.  Motion for Final Approval of Class Action Settlement

The parties resolved their claims via a Stipulation of Settlement filed with the court on July 13, 2011. (ECF No. 159).  The court reviewed the Stipulation, and as stated *supra*, revised and approved the notice to be sent to the class.  The court finds that the settlement amount of $7.5 million is fair and reasonable and in the best interests of the class members.  No requests for exclusion from the class were submitted, and as stated *supra*, no objections were filed, nor were any objectors present at the Fairness Hearing. The court finds the notice given was the best notice practicable, including individual notice to all members of the class who could be identified through reasonable effort.  The court finds the notice complied with Fed.R.Civ.P. 23 and the requirements of Due Process.

The Motion for Approval of Class Action Settlement (ECF No. 169) is **GRANTED**.  The settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

### IV.  Motion for Fees and Expenses

As the parties are well aware, the initial Motion for Fees and Expenses (ECF No. 171) caused the court concern and has taken up an inordinate amount of the court's time. The amount of attorney fees and claimed expenses and disbursements sought caused the court to scrutinize the record, issue orders, and require supplemental submissions.  The Motion sought an award of 25% of the settlement fund in the amount of $1,875,000 plus expenses of $224,211.21.  See Proposed Order at ECF No. 171-1.  The proposed

ORDER - 3

settlement fund is $7.5 million. In support of this Motion, counsel indicated that they had spent approximately 3,000 hours on this litigation. <u>See</u> Dec. of J. Bull and Dec. of K. Barth at ECF No. 181 and 182.  The law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") sought compensation for its services at the following rates: 1) for Partners - $565 to $795/hour; 2) for Associates - $330 to 410/hour; and 3) for Paralegals - $265 - 295/hour.

## A.  Expenses

The court's concerns regarding the allegations of $224,211.21 for expenses and disbursements are well-detailed in the record.  Robbins Geller submitted a revised expense request for $114,137.21 on December 30, 2011. (ECF No. 196).  This request was further revised downward in the June 15, 2012 submission by Robbins Geller.  The total amount now sought for recovery of expenses is $99,845.97.  The court approves this amount.

## B.  Attorney Fees

Robbins Geller's initial lodestar submission on attorney fees indicated that the firm had spent 2,865 hours on the matter and that the total lodestar amount for such time was $1,330,350. (ECF No. 181).  Local counsel, Hagens Berman, submitted a request for $39,502.50 for attorney fees. (ECF No. 182).  Karl Barth submitted a request for attorney fees of $22,500.00 for work done prior to joining Hagens Berman. (ECF No. 183).  The total lodestar attorney fees for class counsel was initially represented to be $1,393,227.50.  Plaintiffs' counsel argued that the requested 25% fee ($1,875,000) "represents a modest multiplier of 1.34 of counsel's lodestar." (ECF No. 177, p. 13). However, based upon the court's lodestar finding of $720,000, *infra,* a 25% award would constitute a multiplier of over 2.6.

The court recognizes that the Ninth Circuit has stated that, "in common fund cases, the benchmark award is 25 percent of the recovery obtained, with 20-30% as the usual range. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  However, the

ORDER - 4

Circuit also stated that the benchmark is a "starting point for analysis" and "may be inappropriate in some cases." *Id*. at 1048.  When awarding fees from a common fund in a class-action settlement, this court "must assume the role of fiduciary for the class plaintiffs." *Id*. at 1052.   This court has an obligation to closely scrutinize the fee application, and "[r]ubber stamp approval, even in the absence of objections, is improper." *Id.*

**(I) Lodestar Cross-Check**

Although class counsel is seeking a 25% award under the percentage method, the court had made a lodestar calculation in order that it  may determine what a reasonable fee is.  A court may decide to make an award under the lodestar method, rather than percentage method.  See <u>*In re Infospace*</u>, 330 F.Supp.2d 1203, 1206 (W.D. Wash. 2004)("In circumstances where a percentage recovery would be too small or too large in light of the hours worked or other relevant factors, the benchmark percentage should be adjusted, or replaced by a lodestar calculation.") <u>citing</u> *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993).This court expressed concerns that the hours billed were excessive, and that the rates charged were excessive (particularly for the Eastern District of Washington).  In making this determination, the court has considered that this is a securities fraud class-action and that such cases can be complex. However, the court has also considered that this matter resolved after an unopposed motion for class certification, prior to extended discovery, and prior to the filing of summary judgment motions, factors which should have decreased the time and expense involved.

"A district court should calculate the reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits." *Schwarz v. Sec. of Health & Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995).  In setting forth the loadstar calculations as a cross-check, Robbins Geller had initially set forth the rates of attorneys who maintain offices in California and New York, and those rates exceed those customarily charged in the Eastern District of

ORDER - 5

Washington.  The Ninth Circuit has repeatedly said that "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  "Rates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* at 979.  Robbins Geller worked with a relatively more local, although nationally recognized and active firm - - Hagens Berman, located in Seattle. The hourly rates charged by Hagens Berman were considerably less than those claimed by the Robbins firm.

Based upon the findings of reasonable hourly rates, the court directed counsel to resubmit their lodestar calculation using the following rates: 1) Partners: $500/hr; 2) Associates: $300/hour; and 3) Paralegals: $150. Se̲e Order (ECF No. 217).  The court had also questioned the amount of time spent on various tasks, and counsel made reductions to the amount of hours as well as the rates in their new lodestar submission.       The new Robbins lodestar calculation, using the court's approved rates and hours, is now $660,675.00. (ECF No. 219).  Hagens Berman also submitted a revised lodestar of $36,075.00 (based on the court's maximum rate for partner work of $500/hour). (ECF No. 218).  The Hagens Berman amount is in addition to the $22,500.00 incurred by Karl Barth prior to his joining Hagens Berman. (ECF No. 183).  Thus, under the revised lodestar calculation, the lodestar amount claimed in attorney fees is approximately $720,000, much less than the original $1.39 million lodestar calculation.

The amount sought under the percentage method ($1,875,000) would result in a multiplier of approximately 2.60 times the lodestar amount.  The lodestar cross check "measures the lawyers' investment of time in the litigation [and] provides a check on the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050.  If the investment of time is minimal, as in the case of early settlement, the lodestar calculation may demonstrate that a lower percentage award is reasonable. *Id.*

ORDER - 6

In *Vizcaino*, the Ninth Circuit found that in most class action common fund cases, the multiplier between lodestar and percentage fund ranged from 1.0 to 4.0. *Id.* at 1051 n. 6 (noting that in the 24 cases surveyed 83% fell in this range, while a bare majority, 13 of the 24 cases, were in the multiplier range of 1.5 to 3.0).

In determining a reasonable fee award, "the court may adjust it [the lodestar] upward or downward by an appropriate positive or negative multiplier reflecting a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth Headset*, 654 F.3d 935, 941-42 (9th Cir. 2011). The court has determined that the prosecution of this action by the Robbins firm was appropriate and the amount of the settlement obtained was fair and reasonable. The court also has in mind that use of a multiplier is appropriate to ensure that experienced and competent attorneys such as the Robbins firm are willing to invest the time and monies to pursue valid claims of smaller individuals or funds against large corporations or entities with many more resources available to defend such actions.

The court has approved an expense reimbursement of $99,846. Subtracting this amount from the $7.5 million common fund results in $7,400,154 remaining in the settlement fund. The court has determined that a reasonable attorney fee for counsel for the Plaintiffs, including the Hagens Berman firm, is $1,628,000. This is over two times the lodestar amount and is 22% of the net settlement fund of $7,400,154.

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Approval of Class Action Settlement (ECF No. 169) is **GRANTED**.

2. Plaintiffs' Motion for Approval of Plan of Allocation (ECF No. 170) is **GRANTED**.

3. Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses (ECF No. 171) is **GRANTED IN PART**. Counsel for the Plaintiffs are awarded a reasonable

attorney fee in the amount of $1,628,000 and, in addition shall be reimbursed in the amount of $99,846 for reasonable expenses, for a total of $1,727,846.

4. Disbursement of the settlement fund to members of the class and counsel shall proceed.

5. The Court will retain continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c)further attorney disciplinary proceedings; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

6. Upon completion of the payment of the settlement fund as provided herein, implementation of this Order and the Plan of Allocation, and the conclusion of sanction and/or disciplinary proceedings, the court will enter an Order directing entry of judgment of dismissal of the Second Amended Complaint (ECF No. 122) and the claims therein with prejudice.

**IT IS SO ORDERED.**  The Clerk shall file this Order and furnish copies to counsel.

Dated this 28th day of June, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8